■ KAREN STERN, Respondent, v ROBERT STERN, Appellant.
[639 NYS2d 80]

In this action, both parties seek custody of their two infant

children. The husband, pursuant to CPLR 3121, requested that the wife and children submit to psychiatric examinations. In the alternative, the husband requested that forensic evaluations be performed on both parties and the children. In response, the wife moved for a protective order, which the Supreme Court granted. Upon reargument, the court adhered to its original determination. We now reverse.

CPLR 3121 provides that when the mental or physical condition of a party is in controversy, any other party may serve notice and direct that the former submit to a physical or mental examination by a designated physician. It is a generally accepted principle that parties to a contested custody proceeding place their physical and mental conditions in issue (*see, Rosenblitt v Rosenblitt,* 107 AD2d 292, 293-294). Furthermore, the value of psychiatric evaluations of both the children and the parents in a matrimonial custody dispute has long been recognized by the courts of this State (*see, Rosenblitt v Rosenblitt, supra,* at 297). Although forensic evaluations may not be necessary in all custody cases (*see, Matter of Vernon Mc. v Brenda N.,* 196 AD2d 823, 825; *Guevara v Guevara,* 132 AD2d 596), under the circumstances of this case, the examinations are necessary. Given the husband's allegations and documentary evidence concerning the wife's mental and physical health, and the fact that no forensic examinations of the parties and the children have been conducted, this matter is remitted to the Supreme Court to determine when and how these examinations should be conducted, and which party should bear the costs of such examinations. Balletta, J. P., O'Brien, Ritter, Pizzuto and Altman, JJ., concur.