In the Matter of ERNEST ABRANKO, Appellant, v MADELYN VARGAS, Respondent. [810 NYS2d 509]—

In a proceeding pursuant to Family Court Act article 6 to modify the visitation provisions of the parties' judgment of divorce, entered April 4, 2002, the father appeals from an order of the Family Court, Suffolk County (Kelley, R.), dated January 14, 2005, which, after a hearing, dismissed his petition for unsupervised visitation.

Ordered that the order is affirmed, without costs or disbursements.

Supervised visitation with the subject children initially took place pursuant to the parties' judgment of divorce and stipulation of settlement. It was agreed that the supervised visitation was to take place at a Veterans' Administration Hospital in Northport (hereinafter the VA Hospital). The judgment contemplated enforcement or modification of its provisions, inter alia, for visitation, in the Family Court. After visitation was no longer possible at the VA Hospital, and took place in another location, the father commenced this proceeding seeking unsupervised visitation. He alleged that his therapy of 3½ years constituted a change in circumstances permitting modification

of the provision of the judgment of divorce requiring that visitation be supervised. The Family Court held a hearing and conducted a forensic evaluation.

The Family Court may "determine an application to modify . . . [a] judgment awarding custody or visitation upon a showing that there has been a subsequent change of circumstances and modification is required" (Family Ct Act § 652 [b]; *cf. Matter of Wilson v McGlinchey*, 2 NY3d 375, 380-381 [2004]). "Relevant considerations include whether the alleged change implicates the fitness of one of the parties . . . the nature and quality of the relationships between the child and the parties . . . and the existence of a prior agreement" (*id.* at 381 [internal quotation marks and citations omitted]). The standard ultimately to be applied, however, remains what is in the best interests of the child, which is to be determined based on the totality of circumstances (*id.* at 381; *see Friederwitzer v Friederwitzer*, 55 NY2d 89, 95 [1982]; *Matter of Grossman v Grossman*, 5 AD3d 486 [2004]).

Here, the Referee properly determined that the petitioner failed to prove that modification of the visitation provisions of the judgment of divorce was warranted. Specifically, the father did not establish a change in circumstances warranting unsupervised visitation.

A forensic evaluator, who had an opportunity to view the children interacting with both their mother and father, concluded that unsupervised visitation was not in the children's best interests. Notably, in his therapy, the father failed to address significant issues that militated against his having unsupervised visitation with the children.

Supervised visitation is not considered a deprivation of meaningful access to a child (*see Matter of Carl J.B. v Dorothy T.*, 186 AD2d 736, 738 [1992]), and in this case, the continuation of supervised visitation has a sound and substantial basis in the record (*id.*). Thus, given the totality of the circumstances, unsupervised visitation is not in the children's best interests (*see Matter of Grossman v Grossman, supra*). Crane, J.P., Goldstein, Luciano and Covello, JJ., concur.