Alexander Ekstra, Respondent, v Melissa Ekstra, Appellant. [854 NYS2d 439]—

After the commencement of this matrimonial action, the Supreme Court held a separate trial on the issue of custody, and appointed psychologist Daniel S. Lobel as a neutral forensic expert to conduct evaluations and submit a written forensic report on the custody issue. The appointment order provided that "[t]he neutral forensic evaluator's final report shall be admitted as evidence-in-chief without the necessity for independent foundation testimony or evidence, pursuant to 22 NYCRR 202.16 (g)." The order further provided that "[a]ny party who wishes to cross-examine the neutral [forensic] evaluator, as permitted by the Uniform Rules, shall bear the cost of the neutral [forensic] evaluator's services in preparing such testimony, travel and testifying unless the Court directs otherwise." After Dr. Lobel's report was submitted, the father's counsel expressed an intention to cross-examine him and asked the court whether the father would be required to bear the costs of his appearance. The court responded that the father would not be required to bear that expense, but made no other provision for payment. As a consequence of not receiving his fee Lobel did not appear and the court thereupon granted the father's application to preclude the forensic report. Relying largely on its evaluation of the credibility of the witnesses, the court awarded sole custody of the parties' two children to the father. The mother appeals.

In custody disputes, the value of forensic evaluations of the parents and children has long been recognized (*see Matter of Womack v Jackson*, 30 AD3d 433, 434 [2006]; *Stern v Stern*, 225 AD2d 540, 541 [1996]). Thus, the court properly appointed a neutral expert to conduct forensic evaluations of the parties and their two children (*see* 22 NYCRR 202.18). The court erred, however, in excluding the forensic report. In light of the sharply conflicting testimony regarding the conduct of the parties, and evidence suggesting that the children were exhibiting behavioral problems, the court should not have rendered a custody determination without first receiving the report of the neutral foren-

sic expert it had appointed. Moreover, inasmuch as the father had the right to cross-examine the expert (*see* 22 NYCRR 202.16 [g] [2]), and the expert could not have been compelled to testify without appropriate compensation (*see Morgan v New York City Tr. Auth.*, 24 AD3d 639 [2005]; *Metropolitan N.Y. Coordinating Council on Jewish Poverty v FGP Bush Term.*, 1 AD3d 168 [2003]), the court should have made provision for payment to Lobel as it indicated that it would in the order appointing him.

Accordingly, we reverse the order insofar as appealed from and remit the matter to the Supreme Court, Westchester County, to reopen the custody hearing, at which time Lobel's report should be received in evidence and, should either party wish to cross-examine him, the court should make provision for the payment of his fee and expenses in accordance with the order appointing him.

The defendant's remaining contentions are without merit.

Motion by the appellant on an appeal from an order of the Supreme Court, Westchester County, entered October 2, 2007, inter alia, to strike the respondent's brief or stated portions of the respondent's brief on the ground that it contains or refers to matter dehors the record. By decision and order on motion of this Court dated February 7, 2008, that branch of the motion which was to strike the respondent's brief or stated portions of the respondent's brief was held in abeyance, and was referred to the Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, the papers filed in opposition or relation thereto, and upon the argument of the appeal, it is

Ordered that the branch of the motion which was to strike the respondent's brief or stated portions of the respondent's brief is granted to the extent that the penultimate sentence on page 35 of the respondent's brief, commencing with the words "[a]fter the interim," is stricken, that sentence has not been considered on the appeal, and that branch of the motion is otherwise denied. Fisher, J.P., Angiolillo, Balkin and Leventhal, JJ., concur.