■ In the Matter of NICOLE GALE, Respondent, v JOHN LOTITO III, Appellant. [857 NYS2d 176]—

In a child support proceeding pursuant to Family Court Act article 4, the father appeals from an order of the Family Court, Richmond County (DiDomenico, J.), dated April 30, 2007, which denied his objection to an order of the same court (Weir-Reeves, S.M.), dated March 9, 2007, denying his motion, in effect, for leave to renew the petition for support.

Ordered that the order dated April 30, 2007 is affirmed, without costs or disbursements.

The mother and the father, who were never married, share legal custody of their child. The mother, who is the primary caretaker of the child, petitioned for an order of support, and a hearing was held over several days during which the father was directed by the court three times to submit certain evidence regarding his financial status. The father failed to do so, and the Support Magistrate entered a support order based solely upon the child's needs, without regard to the father's financial circumstances, pursuant to Family Court Act § 413 (1) (k), which provides: "[w]hen a party has defaulted and/or the court is otherwise presented with insufficient evidence to determine gross income, the court shall order child support based upon the needs or standard of living of the child, whichever is greater." The father subsequently moved, in effect, for leave to renew the petition for support, submitting new documentary evidence regarding his financial circumstances. The motion was denied, as was the father's subsequent objection to the order denying his motion. We affirm.

"A motion for leave to renew must be supported by new facts not offered on the prior motion that would change the prior determination, and the motion shall also contain a reasonable justification for the failure to present such facts on the prior motion" (*Williams v Nassau County Med. Ctr.*, 37 AD3d 594 [2007]; *see* CPLR 2221 [e] [2], [3]; *Hart v City of New York*, 5 AD3d 438 [2004]). Here, the Support Magistrate properly denied the father's motion, in effect, for leave to renew since the motion failed to contain a reasonable justification as to why the additional facts he offered upon seeking leave to renew were not presented during the underlying support proceeding (*see* CPLR 2221 [e] [2], [3]; *Clemente v Carl Bongiorno & Sons, Inc.*, 39 AD3d 688, 689 [2007]; *Hart v City of New York*, 5 AD3d 438 [2004]; *cf. Walsh v Schmigelski*, 35 AD3d 849 [2006]). Consequently, the Family Court properly denied the father's objection to the order of the Support Magistrate denying his motion, in effect, for leave to renew. Fisher, J.P., Miller, Carni and Dickerson, JJ., concur.