■ In the Matter of BENJAMIN PEREZ, Respondent, v GRISSEL SEPULVEDA, Appellant. [861 NYS2d 596]—In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals from (1) an order of the Family Court, Queens County (Richroath, J.), dated August 1, 2007, which granted the father's motion to suspend two of her scheduled visitation sessions to the extent of directing that the father have uninterrupted time with the parties' child on August 4, 2007, and August 18, 2007, and that the parties and the Queens Center for Change arrange make-up visitation for the mother, and (2) an order of the same court, also dated August 1, 2007, which dismissed her petition alleging violation of an order of visitation.

Ordered that the appeal from so much of the first order dated August 1, 2007, as granted the father's motion to the extent of directing that the father have uninterrupted time with the parties' child on August 4, 2007, and August 18, 2007, is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the first order dated August 1, 2007, is affirmed insofar as reviewed, without costs or disbursements; and it is further,

Ordered that the second order dated August 1, 2007, is affirmed, without costs or disbursements.

Contrary to the mother's contention, the Family Court possessed sufficient information to dismiss, without a hearing, the mother's petition alleging violation of an order of visitation (*see Matter of Perez v Sepulveda*, 51AD3d 673 [2008]; *Matter of Hom v Zullo*, 6 AD3d 536 [2004]; *Matter of Vangas v Ladas*, 259 AD2d 755 [1999]).

The mother's remaining contentions are without merit.

The imposition of sanctions pursuant to 22 NYCRR 130-1.1 (c), as requested by the respondent and the attorney for the child, is not warranted. Skelos, J.P., Ritter, Florio and Carni, JJ., concur.