In the Matter of CHRISTINE SINNOTT-TURNER, Respondent, v JOSEPH KOLBA, Appellant. [875 NYS2d 512]—

In related child custody and visitation proceedings pursuant to Family Court Act article 6, the father appeals from (1) an order of the Family Court, Dutchess County (Sammarco, J.), dated October 24, 2007, which, after a hearing, granted the mother's petition to modify an order of the same court dated June 23, 1998, inter alia, awarding her sole custody of the child and granting him unsupervised visitation with the child, to the extent of terminating his unsupervised visitation with the child and directing that visitation between him and the child be supervised by a therapist, and denied his petition alleging violation of an order of visitation and for a change of custody of the child from the mother to him, and (2) an order of the same court dated December 4, 2007, which, without a hearing, inter alia, designated a therapist to conduct the supervised and therapeutic visitation.

Ordered that the order dated October 24, 2007 is modified, on

the law, by deleting the provision thereof stating "the therapeutic supervision shall commence upon the timetable selected by the therapist conducting the therapeutic visits after intake appointments with the child and the father and the mother, if required"; as so modified, the order dated October 24, 2007, is affirmed, and the matter is remitted to the Family Court, Dutchess County, for further proceedings on the issue of visitation; and it is further,

Ordered that the order dated December 4, 2007, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the mother.

An order entered June 23, 1998, in Family Court, awarded the mother, who was never married to the father, custody of the subject child, and weekly visitation to the father. In 2006, after the child refused to visit the father, the mother commenced a proceeding to modify the prior order, contending, inter alia, that the father was abusing the child. The father, contending that the mother was not providing visitation pursuant to the prior order, commenced a separate proceeding to transfer custody of the child from the mother to him and to find the mother in violation of the prior order. The Family Court suspended visitation, entered a temporary order of protection on behalf of the mother and child against the father, conducted a forensic evaluation, and held a hearing. After the hearing, the Family Court granted the mother's petition and denied the father's petition, directing that visitation between the father and child be supervised by a therapist.

A court may modify an order awarding custody and visitation upon a showing that there has been a subsequent change of circumstances and that modification is in the best interests of the child (see Family Ct Act § 652; Matter of Abranko v Vargas, 26 AD3d 490, 491 [2006]). A noncustodial parent is entitled to meaningful visitation, and denial of that right must be based on substantial evidence that visitation would be detrimental to the welfare of the child (see Matter of Morash v Minucci, 299 AD2d 486, 486-487 [2002]). However, the determination of visitation is within the sound discretion of the trial court based upon the best interests of the child, and its determination will not be set aside unless it lacks a sound and substantial basis in the record (see Cashel v Cashel, 46 AD3d 501 [2007]). Although a child's wishes are not determinative, his or her wishes, age, and maturity should be given considerable weight (see Matter of Cornell v Cornell, 8 AD3d 718, 719 [2004]; Matter of Eric L. v Dorothy L., 130 AD2d 660, 661 [1987]).

Here, the Family Court properly determined that the father

failed to establish that a change in circumstances warranted a transfer of custody from the mother to him (*see Neuman v Neuman*, 19 AD3d 383, 384 [2005]). Further, as the parties testified that they frequently cooperated in arranging visitation schedules based on their schedules, the Family Court properly determined that the father failed to establish that the mother violated the prior order of visitation (*see Matter of Perez v Sepulveda*, 54 AD3d 347 [2008]).

Moreover, in light of the evidence that the child feared the father and refused to visit him, and that the father had hit the child on more than one occasion, the Family Court properly determined that the mother had demonstrated a change in circumstances sufficient to warrant modification of the visitation order (*see* Family Ct Act § 652; *Matter of Abranko v Vargas*, 26 AD3d 490, 491 [2006]).

In custody disputes, the value of forensic evaluations of the parents and children has long been recognized (*see* 22 NYCRR 202.18; *Ekstra v Ekstra*, 49 AD3d 594, 595 [2008]). Thus, the Family Court properly appointed a neutral expert to conduct forensic evaluations of the parties and their child (*see Ekstra v Ekstra*, 49 AD3d at 595). Contrary to the father's contention, the Family Court did not err in qualifying the forensic evaluator as an expert (*see* 22 NYCRR 202.18; *Ekstra v Ekstra*, 49 AD3d at 595; *Neuman v Neuman*, 19 AD3d at 384).

Although the evidence suggests that the forensic evaluator's report may have contained inaccuracies, any error introduced by the forensic evaluator's report or testimony was harmless, as there was a sound and substantial basis in the record for the Family Court's determination without consideration of the forensic evaluator's report or testimony (*see Matter of Tercjak v Tercjak*, 49 AD3d 772, 773 [2008]; *Matter of Vanjak v Pesa*, 26 AD3d 512 [2006]; *Matter of Morash v Minucci*, 299 AD2d at 486-487).

Moreover, a court has the authority to order a party to submit to counseling as a component of visitation (*see Matter of Thompson v Yu-Thompson*, 41 AD3d 487, 488 [2007]; *Matter of Powell v Blumenthal*, 35 AD3d 615, 617 [2006]). The Family Court's determination that visitation supervised by a therapist was in the best interests of the child has a sound and substantial basis in the record and should not be disturbed (*see Matter of Thompson v Yu-Thompson*, 41 AD3d at 488). However, the Family Court improperly delegated the authority to determine future issues involving visitation to a therapist (*see Matter of Held v Gomez*, 35 AD3d 608 [2006]).

The parties' remaining contentions are either academic or

without merit. Fisher, J.P., Dillon, Belen and Chambers, JJ., concur.