*749 “A court may modify an order awarding custody and visitation upon a showing that there has been a subsequent change of circumstances and that modification is in the best interests of the child” (Matter of Sinnott-Turner v Kolba, 60 AD3d 774, 775 [2009]; see Matter of Abranko v Vargas, 26 AD3d 490, 491 [2006] ). A noncustodial parent is entitled to meaningful visitation, and denial of that right must be based on substantial evidence that visitation would be detrimental to the welfare of the child (see Cervera v Bressler, 90 AD3d 803, 806 [2011]; Matter of Sinnott-Turner v Kolba, 60 AD3d at 775; Matter of Thompson v Yu-Thompson, 41 AD3d 487, 488 [2007]). “However, the determination of visitation is within the sound discretion of the trial court based upon the best interests of the child, and its determination will not be set aside unless it lacks a sound and substantial basis in the record” (Matter of Sinnott-Turner v Kolba, 60 AD3d at 775; see Cashel v Cashel, 46 AD3d 501, 501 [2007] ).
Here, the Family Court properly determined that the father failed to establish that a change in circumstances warranted modification of the visitation provision of a prior order denying him visitation (see Matter of Sinnott-Turner v Kolba, 60 AD3d at 775, 776; Matter of Abranko v Vargas, 26 AD3d at 491). The father had a history of abusive behavior, and a forensic evaluator, who had an opportunity to interview the parties, concluded, among other things, that the father had failed to take responsibility for his actions or rectify his behavior. Considering the evaluator’s recommendation that no visitation be awarded, the father’s offensive demeanor during the hearing, and the fact that the father was arrested for domestic violence while the proceeding was pending, the Family Court’s determination that therapeutic visitation was not in the best interests of the children should not be disturbed (cf. Matter of Sinnott-Turner v Kolba, 60 AD3d at 775-776; Matter of Thompson v Yu-Thompson, 41 AD3d at 488).
*750 Contrary to the father’s contention, the Family Court providently exercised its discretion in declining to conduct in camera interviews with the children (see Bibas v Bibas, 58 AD3d 586, 588 [2009]; Matter of Desroches v Desroches, 54 AD3d 1035, 1036 [2008]; Matter of Perez v Montanez, 31 AD3d 565, 566 [2006]; Matter of Picot v Barrett, 8 AD3d 288, 289 [2004]). Angiolillo, J.P., Dickerson, Belen and Chambers, JJ., concur.