■ In the Matter of GULEN ZUBIZARRETA, Respondent, v JOHN P. HEMMINGER, Appellant. [967 NYS2d 423]—

In a child custody proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Queens County (Seiden, Ct. Atty. Ref.), dated December 13, 2011, which granted, without a hearing, the mother's petition to modify an order of the District Court of Custer County, Oklahoma, dated August 28, 2008, so as to terminate his visitation with the subject child.

Ordered that the order dated December 13, 2011, is reversed, on the facts and in the exercise of discretion, without costs or disbursements, and the matter is remitted to the Family Court, Queens County, for a hearing on the mother's petition, and thereafter a new determination of the mother's petition.

A court may modify a visitation order upon a showing of changed circumstances and that modification is in the best interests of the child (*see Matter of Rambali v Rambali*, 102 AD3d 797, 799 [2013]; *Matter of Giannoulakis v Kounalis*, 97 AD3d 748 [2012]; *Matter of Balgley v Cohen*, 73 AD3d 1038 [2010]; *Matter of Sinnott-Turner v Kolba*, 60 AD3d 774 [2009]). "A noncustodial parent is entitled to meaningful visitation, and denial of that right must be based on substantial evidence that visitation would be detrimental to the welfare of the child" (*Matter of Sinnott-Turner v Kolba*, 60 AD3d at 775; *see Matter of Rambali v Rambali*, 102 AD3d at 799; *Matter of Giannoulakis v Kounalis*, 97 AD3d 748 [2012]; *Matter of Balgley v Cohen*, 73 AD3d 1038 [2010]). A trial court's determination that the best interests of the child warrants termination of visitation will not be set aside unless it lacks a sound and substantial basis in the record (*see Matter of Rambali v Rambali*, 102 AD3d at 799; *Matter of Giannoulakis v Kounalis*, 97 AD3d 748 [2012]; *Matter of Mohabir v Singh*, 78 AD3d 1056, 1057 [2010]; *Cashel v Cashel*, 46 AD3d 501 [2007]). "Although a child's wishes are not

determinative, his or her wishes, age, and maturity should be given considerable weight" (*Matter of Sinnott-Turner v Kolba*, 60 AD3d at 775; *see Cervera v Bressler*, 90 AD3d 803, 806 [2011]; *see generally Matter of Lincoln v Lincoln*, 24 NY2d 270 [1969]). "Generally, visitation should be decided after a full evidentiary hearing to determine the best interests of the children. However, a hearing is not necessary where the court possesses adequate relevant information to make an informed determination of the children's best interests" (*Matter of Myers v Anderson*, 100 AD3d 906, 906 [2012]; *see Matter of James v Jeffries*, 90 AD3d 929 [2011]; *Matter of Riemma v Cascone*, 74 AD3d 1082 [2010]).

Here, the Family Court did not possess adequate relevant information to determine whether the termination of the father's visitation with the child was in the child's best interest. For instance, although the attorney for the child indicated that the child, who was then 13 years old, did not wish to visit the father, the court failed to conduct an in camera examination of the child to ascertain the child's views. Therefore, under the circumstances of this case, the Family Court improvidently exercised its discretion in granting the mother's petition to modify an order of the District Court of Custer County, Oklahoma, dated August 28, 2008, so as to terminate the father's visitation with the subject child, without conducting a hearing (*see Matter of New v Sharma*, 91 AD3d 652 [2012]; *Matter of James v Jeffries*, 90 AD3d 929 [2011]; *Matter of Riemma v Cascone*, 74 AD3d at 1083). Accordingly, we remit the matter to the Family Court, Queens County, for a hearing as to whether the termination of the father's visitation with the child is in the child's best interests and, thereafter, for a new determination of the mother's petition.

The father's arguments regarding a second order of the Family Court, Queens County, also dated December 13, 2011, which dismissed, without prejudice, his cross petition seeking, inter alia, sole custody of the subject child, are not properly before this Court, as he did not appeal from that order. Balkin, J.P., Leventhal, Lott and Sgroi, JJ., concur.