■ In the Matter of NICOLE SOLOMON, Respondent, v CHARLES OJUKWU, Appellant. [18 NYS3d 357]—Appeal from an order of the Family Court, Kings County (Daniel Turbow, J.), dated March 31, 2014. The order denied the father's motion, in effect, for leave to reargue and renew his objections to an order of that court (R. Richard Spegele, S.M.), dated August 8, 2013, directing him to pay child support in the sum of $777.98 per month, which were denied in an order of that court (Daniel Turbow, J.) dated January 10, 2014.

Ordered that the appeal from so much of the order dated March 31, 2014, as denied that branch of the father's motion which was, in effect, for leave to reargue, is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated March 31, 2014, is affirmed insofar as reviewed, without costs or disbursements.

A motion for leave to renew, inter alia, "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221 [e] [2]) and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221 [e] [3]). Here, the Family Court providently exercised its discretion in denying that branch of the father's motion which was, in effect, for leave to renew, since he failed to establish a reasonable justification as to why the additional facts he offered were not presented during the underlying support proceeding (*see Matter of Don F. v Diamond F.*, 119 AD3d 565, 566 [2014]; *Matter of Gale v Lotito*, 50 AD3d 903, 904 [2008]; *Matter of Leyberman v Leyberman*, 43 AD3d 925 [2007]).

The father's arguments regarding the order dated January 10, 2014, which denied his objections to the Support Magistrate's order, are not properly before this Court, as he did not appeal from that order (*see Matter of Zubizarreta v Hemminger*, 107 AD3d 909, 910 [2013]; *Matter of Clark v Clark*, 61 AD3d 1274, 1275 [2009]). Rivera, J.P., Leventhal, Austin and Hinds-Radix, JJ., concur.