■ In the Matter of JAMES D. MIEDEMA, Appellant, v REBECCA E. MIEDEMA, Respondent. [40 NYS3d 559]—

Appeals by the father from (1) an order of the Supreme Court, Orange County (IDV Part) (Debra J. Kiedaisch, J.), dated October 21, 2014, and (2) an order of the Family Court, Orange County (Debra J. Kiedaisch, J.), entered December 26, 2014. The order dated October 21, 2014, inter alia, appointed a parent coordinator for the parties. The order entered December 26, 2014, insofar as appealed from, after a hearing, in effect, denied the father's petition to modify a prior order of custody and visitation of that court, entered November 19, 2013, so as to award him sole custody of the parties' children.

Ordered that the appeal from the order dated October 21, 2014, is dismissed as abandoned, without costs or disbursements; and it is further,

Ordered that the order entered December 26, 2014, is affirmed insofar as appealed from, without costs or disbursements.

The father filed a petition to modify an order of custody and visitation entered November 19, 2013, so as to award him sole custody of the parties' children. After a hearing, in an order dated October 21, 2014, the court, among other things, appointed the Dispute Resolution Center to provide a parent coordinator for the parties, and directed them to fully cooperate with said parent coordinator. Thereafter, in an order entered December 26, 2014, the court, inter alia, in effect, denied the father's petition to modify the custody and visitation order entered November 19, 2013, and continued sole custody of the subject children with the mother.

Since the father's brief fails to set forth any argument with respect to the order dated October 21, 2014, the appeal from

that order must be dismissed as abandoned (*see Nugent v Diocese of Rockville Ctr.*, 137 AD3d 760, 760 [2016]).

Moreover, the father raises no arguments warranting reversal of the order entered December 26, 2014. The father's contention that the court failed to address the issue of visitation when it issued a temporary order of custody dated September 5, 2013, is academic, as that temporary order was superseded by the order of custody and visitation entered November 19, 2013, made after a hearing, which was affirmed by this Court on a prior appeal taken by the father (*see Matter of Miedema v Miedema*, 125 AD3d 971 [2015]).

Further, the father's contention that the court improperly dismissed his separate petition alleging that the mother violated a prior order is not properly before us on these appeals, as the dismissal of the violation petition was the subject of a separate order from which no appeal was taken (*see* CPLR 5515 [1]; *Matter of Dayannie I.M. [Roger I.M.]*, 138 AD3d 747, 750 [2016]; *Matter of Solomon v Ojukwu*, 132 AD3d 1003, 1004 [2015]; *Matter of David M. [Sonia M.-C.]*, 119 AD3d 800, 801 [2014]). Mastro, J.P., Austin, Sgroi and Maltese, JJ., concur.