In the Matter of STEPHANIE M. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JOSE M., Appellant. (Proceeding No. 1.) In the Matter of YOLANDA M. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; JOSE M., Appellant. (Proceeding No. 2.) [47 NYS3d 435]—

Appeal by the father from an order of the Family Court, Westchester County (Michelle I. Schauer, J.), entered July 28, 2015. The order, insofar as appealed from, awarded sole legal

and physical custody of the subject children to their maternal aunt.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The petitioner commenced these proceedings alleging that the father abused and neglected the subject children. In an order entered January 16, 2013, upon the consent of the mother and father, the Family Court awarded temporary custody of the children to their maternal aunt. In a final order of custody entered February 8, 2013, in a related custody proceeding commenced by the maternal aunt pursuant to Family Court Act article 6, the court, upon the consent of the mother and father, awarded sole legal and physical custody of the subject children to the maternal aunt.

Subsequently, at the dispositional phase of the instant neglect proceedings, after finding that the children were severely abused and neglected, the Family Court, noting that all parties had previously consented to the final order of custody entered February 8, 2013, again awarded permanent custody to the maternal aunt, without conducting a dispositional hearing.

Under the circumstances of this case, the father's contention that the Family Court erred in failing to conduct a dispositional hearing is without merit. While an initial custody determination should generally be made only after a full and plenary hearing and inquiry (*see S.L. v J.R.*, 27 NY3d 558, 563 [2016]), the Family Court in this case relied upon the fact that a final custody determination had already been made in the order entered February 8, 2013, upon the father's consent. Therefore, no dispositional hearing was required and the order entered July 28, 2015, must be affirmed insofar as appealed from.

Further, the issues raised by the father with respect to the temporary order of custody are not properly before this Court. As noted by the Family Court in the order appealed from, the order awarding the maternal aunt temporary custody of the children was superseded by the final order of custody entered February 8, 2013, from which no appeal was taken (*see Matter of Miedema v Miedema*, 144 AD3d 803 [2016]). Rivera, J.P., Dillon, Chambers and Hinds-Radix, JJ., concur.