Johnson v Aguwa (2019 NY Slip Op 07571)





Johnson v Aguwa


2019 NY Slip Op 07571


Decided on October 23, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 23, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
JOHN M. LEVENTHAL
ANGELA G. IANNACCI, JJ.


2016-10134
2017-02112
2017-03067
 (Index No. 542/11)

[*1]Robert Johnson, Jr., etc., et al., appellants-respondents,
v
Mridasim Aguwa, etc., et al., respondents-appellants. (Appeal No. 1.)
Robert Johnson, Jr., etc., et al., appellants,Mridasim Aguwa, etc., et al., respondents. (Appeal Nos. 2 and 3.)


The Fitzgerald Law Firm, P.C., Yonkers, NY (John F. Fitzgerald, James P. Fitzgerald, John M. Daly, Eugene S. R. Pagano, Robert F. Rich, Jr., and Mitchell Gittin of counsel), for appellants-respondents in Appeal No. 1 and appellants in Appeal Nos. 2 and 3.
Steinberg, Symer & Platt, LLP, Poughkeepsie, NY (Clifford A. Platt of counsel), for respondents-appellants in Appeal No. 1 and respondents in Appeal Nos. 2 and 3.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, (1) the plaintiffs appeal, and the defendants cross-appeal, from an order of the Supreme Court, Dutchess County (Maria G. Rosa, J.), dated August 17, 2016, (2) the plaintiffs appeal from an order of the same court dated January 27, 2017, and (3) the plaintiffs appeal from an order of the same court dated February 14, 2017. The order dated August 17, 2016, insofar as appealed from, upon reargument, in effect, vacated so much of a prior order of the same court dated May 5, 2016, as denied the plaintiffs' oral application to direct the defendants to reimburse the plaintiffs for certain trial costs expended by them, and thereupon granted the plaintiffs' oral application only to the extent of directing the defendants to reimburse the plaintiffs for one-half of the sums paid by the plaintiffs to certain expert witnesses. The order dated August 17, 2016, insofar as cross-appealed from, upon reargument, in effect, vacated so much of the prior order dated May 5, 2016, as denied the plaintiffs' oral application to direct the defendants to reimburse the plaintiffs for certain trial costs expended by the plaintiffs, and thereupon granted the plaintiffs' oral application to the extent of directing the defendants to reimburse the plaintiffs for one-half of the sums paid by the plaintiffs to certain expert witnesses. The order dated January 27, 2017, denied the plaintiffs' motion to stay a rescheduled trial. The order dated February 14, 2017, denied the plaintiffs' oral application to adjourn the rescheduled trial, and granted the defendants' oral application pursuant to 22 NYCRR 202.27 to dismiss the complaint.
ORDERED that the order dated August 17, 2016, is affirmed insofar as appealed and cross-appealed from; and it is further,
ORDERED that the appeal from the order dated January 27, 2017, is dismissed as abandoned; and it is further,
ORDERED that on the Court's own motion, the notice of appeal from the order dated February 14, 2017, is deemed to be an application for leave to appeal from that order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order dated February 14, 2017, is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
On January 27, 2011, the plaintiffs commenced the instant action, inter alia, to recover damages for medical malpractice. In January 2016, the matter proceeded to a jury trial (hereinafter the first trial). After the plaintiffs had presented the testimony of several expert witnesses, defense counsel advised the Supreme Court that the defendants' expert had experienced an unexpected medical emergency and would not be able to testify. The court granted the defendants' application for a mistrial. The plaintiffs then made an oral application to direct the defendants to reimburse the plaintiffs for certain trial costs expended by them in the first trial. In an order dated May 5, 2016, the court denied the plaintiffs' oral application. Thereafter, in an order dated August 17, 2016, the court, inter alia, granted the plaintiffs' motion for leave to reargue their oral application and, upon reargument, in effect, vacated so much of the order dated May 5, 2016, as denied the plaintiffs' oral application, and thereupon granted the plaintiffs' oral application to the extent of directing the defendants to reimburse the plaintiffs for one-half of the sums paid by the plaintiffs to certain expert witnesses.
Prior to the rescheduled trial date, the plaintiffs moved to stay the rescheduled trial. In an order dated January 27, 2017, the Supreme Court denied the plaintiffs' motion.
Subsequently, the plaintiffs made a second oral application, to adjourn the rescheduled trial. The Supreme Court stated on the record that it would deny that oral application. The plaintiffs' counsel then indicated that he was not prepared to proceed with the rescheduled trial. The defendants then made an oral application pursuant to 22 NYCRR 202.27 to dismiss the complaint. In an order dated February 14, 2017, the court denied the plaintiffs' oral application to adjourn the rescheduled trial and granted the defendants' oral application pursuant to 22 NYCRR 202.27 to dismiss the complaint.
With regard to the appeal and cross appeal from the order dated August 17, 2016, we agree with the Supreme Court's determination, upon reargument, to direct the defendants to reimburse the plaintiffs for one-half of the sums paid by the plaintiffs to certain expert witnesses who testified at the first trial (see CPLR 4402; Romero v City of New York, 260 AD2d 461).
Since the plaintiffs' brief fails to set forth any argument with respect to the order dated January 27, 2017, the appeal from that order must be dismissed as abandoned (see Bank of Am., N.A. v Meade, 153 AD3d 776; Matter of Miedema v Miedema, 144 AD3d 803).
With regard to the plaintiffs' appeal from the order dated February 14, 2017, "[p]ursuant to 22 NYCRR 202.27(b), a court has the discretion to direct dismissal of a complaint where the plaintiff fails to appear or is not ready to proceed" (Yi Jing Tan v Liang, 160 AD3d 786, 787; see Geffner v Mercy Med. Ctr., 167 AD3d 571, 573; cf. Vera v Soohoo, 99 AD3d 990, 992). Under the circumstances presented, including the plaintiffs' failure to demonstrate a reasonable excuse, the Supreme Court did not improvidently exercise its discretion in denying the plaintiffs' oral application to adjourn the rescheduled trial and in granting the defendants' oral application pursuant to 22 NYCRR 202.27 to dismiss the complaint (see Melendez v Stack, 171 AD3d 726, 728-729).
RIVERA, J.P., AUSTIN, LEVENTHAL and IANNACCI, JJ., concur.

2016-10134 DECISION & ORDER ON MOTION
2017-02112
2017-03067
Robert Johnson, Jr., etc., et al., appellants-respondents,
v Mridasim Aguwa, etc., et al., respondents-appellants.
(Appeal No. 1)
Robert Johnson, Jr., etc., et al., appellants,
v Mridasim Aguwa, etc., et al., respondents.
(Appeal Nos. 2 and 3)
(Index No. 542/11)

Cross motion by the defendants, inter alia, to dismiss appeals from three orders of the Supreme Court, Dutchess County, dated August 17, 2016, January 27, 2017, and February 14, 2017, respectively, on the ground, among others, that no appeal lies from an order denying a motion, in effect, for leave to reargue. By decision and order on motion of this Court dated August 9, 2017, those branches of the cross motion which are to dismiss the appeals were held in abeyance and referred to the Justices hearing the appeals and cross appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the cross motion and the papers filed in opposition thereto, and upon the argument of the appeals and cross appeal, it is
ORDERED that those branches of the cross motion which are to dismiss the appeals are denied.
RIVERA, J.P., AUSTIN, LEVENTHAL and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court