Markowitz v Markowitz (2020 NY Slip Op 02772)





Markowitz v Markowitz


2020 NY Slip Op 02772


Decided on May 13, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOHN M. LEVENTHAL
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2018-11144
 (Index No. 30359/16)

[*1]Mindy Rosenbaum Markowitz, appellant,
v
Israel Markowitz, respondent.


Beth E. Goldman, New York, NY (Rachel Lieb of counsel), for appellant.
Mischel & Horn, P.C., New York, NY (Scott T. Horn of counsel), for respondent.
Baker McKenzie LLP, New York, NY (David Zaslowsky of counsel), for amici curiae New York Lawyers for the Public Interest, Bronx Independent Living Services, Cardozo Bet Tzedek Legal Services, Community Access, Disability Rights Advocates, Disability Rights New York, Harlem Independent Living Center, Legal Action Center, and National Center for Law and Economic Justice.



DECISION & ORDER
In an action for a divorce and ancillary relief, the plaintiff appeals from a judgment of divorce of the Supreme Court, Rockland County (Thomas E. Walsh II, J.), dated September 10, 2018. The judgment of divorce, insofar as appealed from, upon a decision and order (one paper) of the same court dated July 17, 2018, made after a nonjury trial, awarded the defendant sole physical and legal custody of the parties' child.
ORDERED that the judgment of divorce is reversed insofar as appealed from, on the facts and in the exercise of discretion, without costs or disbursements, and the matter is remitted to the Supreme Court, Rockland County, for a new trial and a new determination thereafter on the issue of custody of the parties' child in accordance herewith; and it is further,
ORDERED that pending the new determination, the custody and parental access schedule set forth in the judgment of divorce and the decision and order after trial shall remain in effect.
The parties were married in 2010 and have one child. The plaintiff commenced this action for a divorce and ancillary relief in 2016. The parties resolved the issue of equitable distribution in a stipulation of settlement, but the issues of custody and child support proceeded to a nonjury trial. Prior to the trial, the Supreme Court directed a forensic evaluation to address, among other things, each party's parental fitness, capacity, and skills, and any alleged domestic violence. The forensic evaluation was completed, but the defendant did not consent to it being admitted into evidence at trial. The plaintiff sought to have the forensic evaluator testify at trial, and the court directed the parties to pay their respective pro rata share of the cost of the evaluator's trial fees. The plaintiff paid her share, but the evaluator did not receive the defendant's share and did not appear to testify at trial in the absence of full compensation. The plaintiff requested a two-week adjournment in order to secure the evaluator's fee and produce him as a witness, but the court denied [*2]the application. After the trial, in a decision and order dated July 17, 2018, the court awarded the defendant sole legal and physical custody of the child, with specified parental access to the plaintiff. In a judgment of divorce dated September 10, 2018, the court, inter alia, resolved the issue of custody in accordance with its decision and order after trial. The plaintiff appeals.
In custody disputes, the value of forensic evaluations of the parents and children has long been recognized (see Ekstra v Ekstra, 49 AD3d 594, 595; Matter of Womack v Jackson, 30 AD3d 433, 434; Stern v Stern, 225 AD2d 540, 541). Thus, we agree with the Supreme Court's appointment of a neutral expert to conduct forensic evaluations of the parties and the child (see 22 NYCRR 202.18). However, the court should not have denied the plaintiff's request for an adjournment in order to secure the testimony of the evaluator. In light of the sharply conflicting testimony regarding the conduct of the parties, the plaintiff's mental health, and the allegations of domestic violence by both parties, the testimony of the neutral forensic expert that the court had appointed was material to resolving the issue of custody (see Matter of James R.O. v Cond-Arnold, 99 AD3d 801, 802; Ekstra v Ekstra, 49 AD3d at 595-596). Although an application for an adjournment is addressed to the sound discretion of the trial court (see Matter of Anthony M., 63 NY2d 270, 283), it is an improvident exercise of discretion to deny such a request where the evidence is material, the application is properly made and is not made for purposes of delay, and the need for an adjournment does not result from the failure to exercise due diligence (see Hodges v City of New York, 22 AD3d 525, 526-527; Byrnes v Varlack, 17 AD3d 616, 617; Matter of Shepard, 286 AD2d 336, 337).
Contrary to the defendant's contention, the plaintiff was not at fault for the delay. The forensic evaluator was an expert who could not be "compelled to testify without appropriate compensation" (Ekstra v Ekstra, 49 AD3d at 596), and the plaintiff's inability to produce the witness was a result of the defendant's failure to pay. Further, the plaintiff exercised due diligence in attempting to secure the evaluator's testimony, and her application for an adjournment was not made to delay the trial (see Matter of Shepard, 286 AD2d at 337). Thus, "upon a balanced consideration of all relevant factors," it was an improvident exercise of discretion to deny the plaintiff's application for an adjournment (Matter of Jeremiah G.F. [Gideon F.], 160 AD3d 731, 733 [internal quotation marks omitted]).
Accordingly, we reverse the judgment of divorce insofar as appealed from and remit the matter to the Supreme Court, Rockland County, for a new trial, at which time the plaintiff shall be permitted to call the forensic evaluator as a witness. Thereafter, the court shall issue a new custody determination. In making its new determination, the "court must consider the totality of the circumstances, including, among other things, the quality of the home environment and the parental guidance the custodial parent provides for the child, the ability of each parent to provide for the child's emotional and intellectual development, the relative fitness of the respective parents, and the effect an award of custody to one parent might have on the child's relationship with the other parent" (Reilly v Hager-Reilly, 166 AD3d 825, 826). In addition, the court must determine whether the parties' allegations of domestic violence were proven by a preponderance of the evidence and, if so, "the effect of such domestic violence upon the best interests of the child[ ]" (Levitin v Levitin, 167 AD3d 589, 590). We express no opinion as to the appropriate determination.
In light of the foregoing, we need not reach the parties' remaining contentions.
CHAMBERS, J.P., LEVENTHAL, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court