Matter of Justice F. (Jessica V.) (2021 NY Slip Op 01773)





Matter of Justice F. (Jessica V.)


2021 NY Slip Op 01773


Decided on March 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
PAUL WOOTEN, JJ.


2019-11682 
2019-11929
 (Docket Nos. N-4505/17, N-4506/17, V-13675/17, V-13676/17, V-4338/19, V-4339/19)

[*1]In the Matter of Justice F. (Anonymous). Administration for Children's Services, petitioner; Jessica. (Anonymous), et al., respondents. (Proceeding No. 1.)
In the Matter of Jesse F. (Anonymous). Administration for Children's Services, petitioner; Jessica V. (Anonymous), et al., respondents. (Proceeding No. 2.)
and
In the Matter of Domingo Figueroa, respondent,
and
Jessica Varney, appellant. (Proceeding No. 3.)
In the Matter of Jessica Varney, appellant,
and
Domingo Figueroa, respondent. (Procceding No. 4.)


Cheryl Charles-Duval, Brooklyn, NY, for appellant.
Helene Chowes, New York, NY, for respondent in Proceeding Nos. 3 and 4. James E. Johnson, Corporation Counsel, New York, NY (Melanie T. West and Diana Lawless of counsel), for petitioner in Proceeding Nos. 1 and 2.
Heath J. Goldstein, Jamaica, NY, attorney for the children Justice F. and Jesse F.



DECISION & ORDER
In related proceedings pursuant to Family Court Act articles 6 and 10, the mother appeals from (1) an order of the Family Court, Queens County (Diane Costanzo, J.), dated August 21, 2019, and (2) an order of the same court dated September 10, 2019. The first order, insofar as appealed from, after a hearing, granted the father's petition for sole custody of the children Justice F. and Jesse F., with supervised parental access to the mother, and denied the mother's cross petition for sole custody of the children Justice F. and Jesse F. The second order set a schedule for supervised parental access.
ORDERED that the order dated August 21, 2019, is affirmed insofar as appealed from, without costs or disbursements; and it is further,
ORDERED that the order dated September 10, 2019, is affirmed, without costs or disbursements.
In February 2017, the Administration for Children's Services (hereinafter ACS) commenced related neglect proceedings, inter alia, alleging that the mother suffered from a mental illness which impaired her ability to care for her three children. The father and the mother petitioned and cross-petitioned, respectively, for sole custody of two of the children, Justice F. and Jesse F. (hereinafter together the subject children). On April 16, 2019, the Family Court issued an order of fact-finding without admission upon the mother's consent in the neglect proceeding, finding that she neglected her three children. The court conducted a combined dispositional hearing and custody hearing, at which the mother requested joint custody of the subject children. In the orders appealed from, the court, inter alia, awarded sole custody of the subject children to the father with supervised parental access to the mother.
The court's paramount concern in any custody dispute is to determine, under the totality of the circumstances, what is in the best interests of the child (see Domestic Relations Law § 70[a]; Eschbach v Eschbach, 56 NY2d 167, 171; Friederwitzer v Friederwitzer, 55 NY2d 89, 95). "Although joint custody is encouraged as a voluntary alternative, it is appropriate only in cases where the parties involved are relatively stable, amicable parents who can behave in a mature, civilized fashion. It is inappropriate, however, where the parties are antagonistic towards each other and have demonstrated an inability to cooperate on matters concerning the child" (Matter of Laura A.K. v Timothy M., 204 AD2d 325, 326 [citations and internal quotation marks omitted]; see Matter of Lett v Green, 184 AD3d 642; Matter of Turcios v Cordero, 173 AD3d 1048, 1049; Matter of Pitkanen v Huscher, 167 AD3d 901, 901; Matter of Toro v Williams, 167 AD3d 634, 636). Inasmuch as a court's custody determination is dependent in large part upon its assessment of the witnesses' credibility and upon the character, temperament, and sincerity of the parents, the court's exercise of its discretion will not be disturbed if supported by a sound and substantial basis in the record (see Matter of Turcios v Cordero, 173 AD3d at 1049; Matter of Pitkanen v Huscher, 167 AD3d at 901; Matter of Pena v Cordero, 152 AD3d at 698). Here, the Family Court's determination that the subject children's best interests would be served by awarding sole custody to the father has a sound and substantial basis in the record and will not be disturbed.
The Family Court also providently exercised its discretion in directing that the mother's parental access with the subject children be supervised. A noncustodial parent is entitled to meaningful parental access, and denial of that right must be based on substantial evidence that parental access would be detrimental to the welfare of the child (see Matter of Lyons v Knox, 126 AD3d 798; Matter of Giannoulakis v Kounalis, 97 AD3d 748; Cervera v Bressler, 90 AD3d 803, 806; Matter of Sinnott-Turner v Kolba, 60 AD3d 774, 775; Matter of Thompson v Yu-Thompson, 41 AD3d 487, 488). "[T]he determination of [parental access] is within the sound discretion of the trial court based upon the best interests of the child, and its determination will not be set aside unless it lacks a sound and substantial basis in the record" (Matter of Sinnott-Turner v Kolba, 60 AD3d at 775; see Matter of Ottaviano v Ippolito, 132 AD3d 681; Matter of Castagnola v Muller, 105 AD3d 954; Matter of Thompson v Yu-Thompson, 41 AD3d 487). Here, the evidence presented at the hearing supports the court's determination that the mother has failed to engage in the necessary and appropriate treatment to ameliorate her mental health issues, she lacks insight into her ongoing mental illness, and she has failed to acknowledge and address many of the issues which led to the filing of the neglect petitions against her in the first instance. Consequently, under the totality of the circumstances (see Eschbach v Eschbach, 56 NY2d at 172), unsupervised parental access with the mother at the present time would not be in the subject children's best interests.
CHAMBERS, J.P., AUSTIN, MILLER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court