Matter of Pontillo v Johnson-Kosiorek (2021 NY Slip Op 04455)





Matter of Pontillo v Johnson-Kosiorek


2021 NY Slip Op 04455


Decided on July 16, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 16, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, CURRAN, WINSLOW, AND DEJOSEPH, JJ.


546 CAF 20-00706

[*1]IN THE MATTER OF ARIEL PONTILLO, PETITIONER-RESPONDENT-APPELLANT,
v
LANCE JOHNSON-KOSIOREK, RESPONDENT-PETITIONER-RESPONDENT.  JENNIFER M. LORENZ, ESQ., ATTORNEY FOR THE CHILD, APPELLANT. 






CAITLIN M. CONNELLY, BUFFALO, FOR PETITIONER-RESPONDENT-APPELLANT.
JENNIFER M. LORENZ, ORCHARD PARK, ATTORNEY FOR THE CHILD, APPELLANT PRO SE.
DAVID J. PAJAK, ALDEN, FOR RESPONDENT-PETITIONER-RESPONDENT. 


 Appeals from an order of the Family Court, Genesee County (Eric R. Adams, J.), entered March 31, 2020 in a proceeding pursuant to Family Court Act article 6. The order, among other things, awarded respondent-petitioner sole custody of the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the petition is reinstated, and the matter is remitted to Family Court, Genesee County, for further proceedings in accordance with the following memorandum: In this proceeding pursuant to Family Court Act article 6, petitioner-respondent mother and the Attorney for the Child (AFC) each appeal from an order that, in essence, dismissed the mother's petition seeking to suspend respondent-petitioner father's visitation and granted the father's cross petition seeking to modify a prior custody and visitation order by, among other things, awarding him sole custody of the subject child.
The mother contends on her appeal that Family Court erred in making its custody determination before the parties had completed psychological evaluations ordered by the court. We agree. "In custody disputes, the value of forensic evaluations of the parents and child[ ] has long been recognized" (Ekstra v Ekstra, 49 AD3d 594, 595 [2d Dept 2008]). The assistance of psychological experts in custody proceedings may be necessary where the child has exhibited emotional and behavior problems, there is sharply conflicting testimony regarding the conduct of the parties, or a party's mental health is at issue (see Markowitz v Markowitz, 183 AD3d 710, 711 [2d Dept 2020]; Ekstra, 49 AD3d at 595; Matter of Thompson v Thompson, 267 AD2d 516, 519 [3d Dept 1999]; Matter of Paul C. v Tracy C., 209 AD2d 955, 955 [4th Dept 1994]). The dispositive inquiry is whether there was sufficient testimony from the parties and other witnesses to enable the court to resolve the custody dispute without those evaluations (see Matter of Nunnery v Nunnery, 275 AD2d 986, 987 [4th Dept 2000]; see also Ekstra, 49 AD3d at 595).
The mother's mental and emotional health was the central issue contested in this proceeding, and we conclude that the court abused its discretion in making its determination and awarding the father sole custody of the child without first considering the results of the psychological evaluations that it ordered (see Markowitz, 183 AD3d at 711; Ekstra, 49 AD3d at 595-596; Paul C., 209 AD2d at 955). Although a psychological expert testified at the fact-finding hearing on behalf of the father, that expert interviewed the parties and the subject child to assess whether the child had been sexually abused, and therefore he did not provide much information on the mother's emotional functioning, the impact her mental health issues had on [*2]her ability to parent the child, or the fitness of either parent. Thus, on this record, we cannot say that there was sufficient evidence for the court to resolve the custody dispute without considering the court-ordered psychological examinations of the parents (see Ekstra, 49 AD3d at 595-596; cf. Nunnery, 275 AD2d at 987). Consequently, we reverse the order, reinstate the mother's petition, and remit the matter to Family Court for completion of the court-ordered psychological evaluations and for a new hearing to determine whether modification of the parties' prior order of custody and visitation is in the child's best interests. Pending the court's determination upon remittal, the custody and visitation provisions in the order appealed from shall remain in effect.
The mother's further contention on her appeal that the court abused its discretion in failing to hold a Lincoln hearing is unpreserved for our review because she did not request such a hearing (see Matter of Montalbano v Babcock, 155 AD3d 1636, 1636-1637 [4th Dept 2017], lv denied 31 NY3d 912 [2018]). In any event, the court did not abuse its discretion in failing to hold a Lincoln hearing given the young age of the child and the fact that the child may have been inadvertently coached by the mother to repeat unfounded allegations (see Matter of Muriel v Muriel, 179 AD3d 1529, 1530-1531 [4th Dept 2020], lv denied 35 NY3d 908 [2020]; Matter of Kakwaya v Twinamatsiko, 159 AD3d 1590, 1591 [4th Dept 2018], lv denied 31 NY3d 911 [2018]).
In light of our determination, the mother's remaining contentions on her appeal and the AFC's contentions on her appeal are academic.
Entered: July 16, 2021
Mark W. Bennett
Clerk of the Court