Sotelo v Calderon (2023 NY Slip Op 50686(U))

[*1]

Sotelo v Calderon

2023 NY Slip Op 50686(U)

Decided on June 30, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 30, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, P.J., MARINA CORA MUNDY, LOURDES M. VENTURA, JJ.

2022-716 Q C

Rosa Juarez Sotelo, Appellant,
against
Luz Nelfy Calderon and Lubier Calderon, Respondents. 

Sacco & Fillas, LLP (Albert R. Matuza, Jr. and Malik Anderson of counsel), for appellant.
James F. Butler & Associates, for respondents (no brief filed).

Appeal from a judgment of the Civil Court of the City of New York, Queens County (David M. Hawkins, J.), entered August 30, 2022. The judgment dismissed the action with prejudice upon plaintiff's failure to proceed at trial.

ORDERED that the judgment is reversed, without costs, the complaint is reinstated, and the matter is remitted to the Civil Court for a trial.
In this personal injury action, plaintiff appeals from a judgment which dismissed the complaint with prejudice upon plaintiff's failure to proceed at trial (see Uniform Rules for the New York City Civil Court [22 NYCRR] § 208.14 [b] [2]). While the judgment was entered on default, it is nonetheless reviewable because plaintiff seeks review of the Civil Court's denial of her request for an adjournment (see Beizer v Bloom, 17 Misc 3d 129[A], 2007 NY Slip Op 51967[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2007]; Feuerstein v Tirico, 13 Misc 3d 135[A], 2006 NY Slip Op 52032[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2006]). Plaintiff had sought an adjournment because her expert witness was unavailable, and she was not ready to proceed without the witness.
An application for an adjournment for any purpose is addressed to the sound discretion of the trial court (see Nieves v Tomonska, 306 AD2d 332 [2003]; Beizer v Bloom, 2007 NY Slip Op 51967[U]). However, such a determination may be disturbed on appeal upon an improvident [*2]exercise of that discretion (see Byrnes v Varlack, 17 AD3d 616 [2005]; Bradford v Joseph, 34 Misc 3d 149[A], 2012 NY Slip Op 50240[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2012]).
Here, the Civil Court improvidently exercised its discretion in denying plaintiff's application for a brief adjournment of the trial due to the unavailability of plaintiff's expert witness. The expert's testimony was material and there is no indication in the record that the request for an adjournment was made for the purpose of delay, or that the need for an adjournment resulted from the plaintiff's failure to exercise due diligence (see Markowitz v Markowitz, 183 AD3d 710 [2020]; Black v St. Luke's Cornwall Hosp., 112 AD3d 661 [2013]; Hodges v City of New York, 22 AD3d 525 [2005]). Indeed, defendant did not oppose plaintiff's application for an adjournment.
Accordingly, the judgment is reversed, the complaint is reinstated, and the matter is remitted to the Civil Court for a trial.
TOUSSAINT, P.J., MUNDY and VENTURA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 30, 2023