Matter of Frias v Arroyo (2024 NY Slip Op 01307)

Matter of Frias v Arroyo

2024 NY Slip Op 01307

Decided on March 13, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 13, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
BARRY E. WARHIT
CARL J. LANDICINO, JJ.

2023-03179
 (Docket Nos. O-1082-22, V-1083-22, O-1086-22, V-1087-22)

[*1]In the Matter of Miriam Frias, appellant, 
v
Carlos Enrique Arroyo, respondent. (Proceeding No. 1)
In the Matter of Carlos Enrique Arroyo, respondent, Miriam Frias, appellant. (Proceeding No. 2)

Alex Smith, Middletown, NY, for appellant.
Evan Zucker, New Windsor, NY, for respondent.
Keith Geoffrey Ingber, Thompson Ridge, NY, attorney for the child.

DECISION & ORDER
In related proceedings pursuant to Family Court Act articles 6 and 8, the mother appeals from an order of the Family Court, Orange County (Victoria B. Campbell, J.), dated March 17, 2023. The order, insofar as appealed from, after a hearing, awarded physical custody of the parties' child to the father, with certain parental access to the mother, found that the mother committed the family offense of harassment in the second degree, and directed the issuance of a one-year order of protection against the mother.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The parties, who were never married but lived together in Orange County, have one child in common, born in January 2017. On March 14, 2022, each party filed a petition for custody of the child and a family offense petition seeking an order of protection against the other party. After the commencement of the proceedings, the mother moved with the child and two older children from a prior relationship to live with the mother's aunt and other family members in New York City. After a hearing, the Family Court awarded the parties joint legal custody of the child, with physical custody to the father and certain parental access to the mother. The court also found that each party committed the family offense of harassment in the second degree against the other party and directed the issuance of one-year orders of protection in favor of each of them against the other party. The mother appeals.
In a child custody case, the court's paramount concern is to determine, under the totality of the circumstances, what is in the best interests of the child (see Eschbach v Eschbach, 56 NY2d 167, 171; Matter of Pacheco v Maldonado, 221 AD3d 822, 822). "The factors to be [*2]considered in determining the child's best interests include the quality of the home environment and the parental guidance the custodial parent provides for the child, the ability of each parent to provide for the child's emotional and intellectual development, the financial status and ability of each parent to provide for the child, the relative fitness of the respective parents, and the effect an award of custody to one parent might have on the child's relationship with the other parent" (Matter of Thomas v Thomas, 221 AD3d 609, 609 [internal quotation marks omitted]; see Eschbach v Eschbach, 56 NY2d at 171-172). "The court's determination with respect to custody depends to a great extent upon its assessment of the credibility of the witnesses and upon the character, temperament, and sincerity of the parties. Given the court's opportunity to make firsthand assessments of these crucial considerations, we accord great deference to its credibility findings and will not disturb them unless they lack a sound and substantial basis in the record" (Matter of Thomas v Thomas, 221 AD3d at 610 [internal quotation marks omitted]; see Matter of Montebello v Montebello, 184 AD3d 565, 565).
Here, the Family Court's determination to award physical custody of the child to the father, with only certain parental access to the mother, which was based on an assessment of the testimony of the parties and a court-appointed forensic expert, has a sound and substantial basis in the record and should not be disturbed. The record established, inter alia, that the parties were both fit and loving parents to whom the child was well attached. However, the record also established that after the commencement of the proceedings, the mother chose to relocate the child from Orange County to New York City, approximately one hour away from the child's longtime residence in Orange County, the father, and the father's extended family, despite the fact that the mother still worked in Orange County. Moreover, the record demonstrated that the mother and the child resided in the overcrowded apartment of the mother's aunt and that the mother's prospects for securing her own housing were uncertain.
"In custody disputes, the value of forensic evaluations of the parents and children has long been recognized" (Markowitz v Markowitz, 183 AD3d 710, 711; see Ekstra v Ekstra, 49 AD3d 594, 595). Contrary to the mother's contention, the Family Court properly appointed a neutral expert to conduct forensic evaluations of the parties, the child, and the mother's two older children (see 22 NYCRR 202.18; Markowitz v Markowitz, 183 AD3d at 711). Moreover, the court did not err in qualifying the forensic evaluator as an expert (see Matter of Sinnott-Turner v Kolba, 60 AD3d 774, 776). Nor did the court err in finding that the testimony and report of the forensic evaluator were admissible, since her expert opinion was mainly based upon direct knowledge derived from interviews of the parties, observations of the parties' interactions with the child, and interviews of the mother's two older children (see Matter of Chana J.A. v Barry S., 135 AD3d 743, 744; Lubit v Lubit, 65 AD3d 954, 955-956).
"In a family offense proceeding, the petitioner has the burden of establishing the offense by a fair preponderance of the evidence" (Matter of Townes v Diggs, 216 AD3d 1104, 1105 [internal quotation marks omitted]; see Family Ct Act § 832). "Whether a family offense was committed is a factual issue to be resolved by the Family Court, and that court's determination of credibility issues is entitled to great weight on appeal and should not be disturbed unless clearly unsupported by the record" (Matter of Davis v Wright, 140 AD3d 753, 754; see Matter of Townes v Diggs, 216 AD3d at 1105).
A person commits harassment in the second degree when that person, "with intent to harass, annoy or alarm another person[,] . . . strikes, shoves, kicks or otherwise subjects such other person to physical contact, or attempts or threatens to do the same; or . . . engages in a course of conduct or repeatedly commits acts which alarm or seriously annoy such other person and which serve no legitimate purpose" (Penal Law § 240.26[1], [3]; see Matter of Townes v Diggs, 216 AD3d at 1105). Contrary to the mother's contention, a fair preponderance of the evidence adduced at the hearing established that she committed the family offense of harassment in the second degree (Penal law § 240.26).
DILLON, J.P., CONNOLLY, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court