■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK STERLING, Appellant. (Appeal No. 1.) [700 NYS2d 913] —Order unanimously affirmed for reasons stated in decision at Supreme Court, Wisner, J. (Appeal from Order of Supreme Court, Monroe County, Wisner, J.—CPL art 440.) Present—Green, J. P., Pine, Pigott, Jr., Scudder and Callahan, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK STERLING, Appellant. (Appeal No. 2.) [700 NYS2d 883] —Order unanimously affirmed for reasons stated in decision at Supreme Court, Wisner, J. (Appeal from Order of Supreme Court, Monroe County, Wisner, J.—CPL art 440.) Present—Green, J. P., Pine, Pigott, Jr., Scudder and Callahan, JJ.

■ In the Matter of PATRICIA SEYMOUR, Appellant, v RICKIE J. SEYMOUR, Respondent. [701 NYS2d 568] —Order unanimously affirmed without costs. Memorandum: Family Court properly determined, pursuant to the factors set forth in *Fox v Fox* (177 AD2d 209, 210), that it was in the child's best interests to award the parties joint custody with primary physical placement with respondent, despite the fact that the child would thereby be separated from her half-sister (*see, Eschbach v Eschbach,* 56 NY2d 167, 173). The court expressed concern about petitioner's drinking habits. In addition, the court noted that the child had always resided in the marital home where respondent would continue to reside, and would be required to relocate to another town if placed with petitioner. The court further noted that the child had a close relationship with paternal relatives who lived nearby. There is no basis to conclude that the court's determination "lacks a sound and substantial basis in the record" (*White v White,* 209 AD2d 949, 950, *lv dismissed* 85 NY2d 924; *see, Matter of King v King,* 251 AD2d 1028, 1029).

Part of the Law Guardian's role is to help children express their wishes to the court (*see,* Family Ct Act § 241); however, because the child was only four years old the court improperly considered the child's wishes (*see, Matter of Jensen v Harris,* 197 AD2d 917, 918). Nevertheless, we conclude that the error is harmless because the record otherwise supports the courts' determination. Finally, the length of closing arguments is a matter resting within the sole discretion of the trial court (*see generally,* Family Ct Act § 165 [a]; CPLR 4011), and the court did not abuse its discretion in limiting the summation of each party to five minutes. (Appeal from Order of Jefferson County Family Court, Morgan, J.—Custody.) Present—Green, J. P., Pine, Pigott, Jr., Scudder and Callahan, JJ.