KAREN G. FERNANDEZ, Appellant, v HOWARD P. FERNANDEZ, Respondent. (Appeal No. 1.) [718 NYS2d 509] —Order unanimously modified on the law and as modified affirmed with costs to plaintiff and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Supreme Court erred in, *sua sponte*, modifying the judgment of divorce to permit defendant to maintain a new life insurance policy. It is well established that "[i]nterpretation of an unambiguous contract provision is a function for the court, and matters extrinsic to the agreement may not be considered when the intent of the parties can be gleaned from the face of the instrument" (*Teitelbaum Holdings v Gold*, 48 NY2d 51, 56). Here, the judgment of divorce incorporated the parties' stipulation of settlement, which constitutes a contract (*see, Matter of Village of Greenwood Lake v Mountain Lake Estates*, 189 AD2d 987, 988, *lv dismissed* 81 NY2d 1006; *see also, Werner v Katal Country Club*, 234 AD2d 659, 662). The stipulation specifically provided, *inter alia*, that defendant was to maintain the original life insurance policy with a death benefit in favor of plaintiff. Because that provision is unambiguous, the court erred in considering defendant's reasons for discontinuing that policy and further erred in considering the fact that the new policy allegedly provides plaintiff with identical protection. We further agree with plaintiff that the court should have granted her motion insofar as it sought counsel fees, and we award her counsel fees on the appeal. We therefore modify the order by granting those parts of plaintiff's motion seeking reinstatement of the requirement in the stipulation of settlement that defendant maintain the original life insurance policy and seeking counsel fees, and we remit the matter to Supreme Court for a hearing to determine reasonable counsel fees for plaintiff both on the motion and on the appeal (*see, Gandell v Gandell*, 247 AD2d 913).

We reject the contention of plaintiff that the court erred in failing to hold defendant in contempt of court. "An application to punish a party for contempt is addressed to the sound discretion of the court" (*Educational Reading Aids Corp. v Young*, 175 AD2d 152). Here, it cannot be said that the court improvidently exercised its discretion in declining to hold defendant in contempt. Defendant's actions did not defeat, impair, impede or prejudice plaintiff's rights because the original insurer is willing to reinstate the policy, nor does it appear that

defendant's actions were calculated to have done so (*see, Matter of Penepent* [appeal No. 13], 198 AD2d 784, *lv denied in part and dismissed in part* 83 NY2d 797; *cf., Kaywood v Cigpak, Inc.*, 258 AD2d 623). (Appeal from Order of Supreme Court, Monroe County, Siracuse, J.—Matrimonial.) Present—Pine, J. P., Wisner, Hurlbutt and Kehoe, JJ.