■ JOHN HUSAK, Appellant, v 45TH AVENUE HOUSING COMPANY, Respondent, et al., Defendants. [860 NYS2d 219]—In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his notice of appeal and brief, from so much of an order of the Supreme Court, Queens County (O'Donoghue, J.), dated June 6, 2006, as, upon his oral application to withdraw so much of the complaint as sought to recover damages for common-law negligence and violation of Labor Law § 200, in effect, deemed those causes of action withdrawn, and denied that branch of his cross motion which was pursuant to CPLR 3126 to compel the defendant 45th Avenue Housing Company to produce a certain witness for deposition.

Ordered that the appeal from so much of the order as, upon the plaintiff's oral application to withdraw so much of the complaint as sought to recover damages for common-law negligence and violation of Labor Law § 200, in effect, deemed those causes of action withdrawn, is dismissed, as the plaintiff is not aggrieved by that portion of the order (*see* CPLR 5511); and it is further,

Ordered that the order is modified, on the law and the facts, by adding to the decretal paragraph thereof denying the plaintiff's cross motion the words "as academic"; as so modified, the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the respondent.

The defendant 45th Avenue Housing Company, along with the defendants United Help, Inc., Kissena Apts. II, Selfhelp Community Services, Inc., and Selfhelp/United Help Kissena Apts HDFC I (hereinafter the defendants), inter alia, moved for summary judgment dismissing the plaintiff's causes of action predicated upon, among other things, common-law negligence and violation of Labor Law § 200. The plaintiff opposed the motion in writing, but the Supreme Court did not consider the merits of this branch of the defendants' motion because, as its

order states, "[a]t the call of the motion calendar, plaintiff's attorney orally withdrew the negligence and Labor Law § 200 claims."

The plaintiff's appeal from so much of the order as, upon the plaintiff's oral application to withdraw so much of the complaint as sought to recover damages for common-law negligence and violation of Labor Law § 200, in effect, deemed those causes of action withdrawn, must be dismissed, as the plaintiff is not aggrieved by that portion of the order (*see* CPLR 5511; *Matter of Shteierman v Shteierman,* 29 AD3d 810 [2006]; *Vernon v Vernon,* 10 AD3d 722, 723 [2004]; *Klutchko v Baron,* 1 AD3d 400, 402 [2003]; *Matter of Dreizler v Rice,* 305 AD2d 675, 676 [2003]). To the extent that the plaintiff argues that the order was not made with his consent, his remedy was to move in the Supreme Court to vacate or resettle the order (*see Matter of Brouwer v Pacicca,* 291 AD2d 448, 449 [2002]; *Nayman v Remsen Apts.,* 125 AD2d 378, 382 [1986]).

Further, in light of the withdrawal of the plaintiff's causes of action to recover damages for negligence and violation of Labor Law § 200, that branch of the plaintiff's cross motion which was pursuant to CPLR 3126 to compel the defendant 45th Avenue Housing Company to produce a certain witness for deposition was rendered academic. Spolzino, J.P., Miller, Covello and Balkin, JJ., concur.