■ In the Matter of ADELYN RAMIREZ, Appellant, v ERIC L. VELAZQUEZ, Respondent. [937 NYS2d 504]—

Memorandum: Petitioner mother appeals from an order denying her petition seeking permission for the parties' three children to relocate from Utica to New York City with her. On a prior appeal, we concluded that the mother had established a prima facie case that the relocation was in the best interests of the children and thus that Family Court erred in granting respondent father's motion to dismiss the petition at the close of the mother's proof (*Matter of Ramirez v Velazquez*, 74 AD3d 1756, 1757 [2010]). We therefore reinstated the petition and remitted the matter to Family Court for further proceedings on the petition (*id.*). Upon remittal, the court continued the hearing, whereupon the father presented evidence regarding his contact and involvement with the children. The record establishes that, upon the consent of the parties, the father has alternate weekend visitation with the children as well as visitation during all school vacations and extensive visitation during the summer. In addition to the agreed-upon visitation schedule, the parties frequently agree to additional visitation between the father and the children when the father is not working, and they occasionally agree to additional visitation at the mother's request. The record further establishes that the children share a close bond with the father's mother and sister, with whom he lives. Furthermore, we note that the Attorney for the Children opposes the relocation petition because of, inter alia, the negative effect the relocation would have on the relationship between the children and the father. We thus conclude on the record before us that the court properly determined that the relationship between the children and the father, along with other relatives, would be adversely affected by the proposed relocation (*see Matter of Webb v Aaron*, 79 AD3d 1761, 1761-1762 [2010]). Inasmuch as the court's determination that the best interests of the children will not be served by permitting the mother to relocate with them to New York City is supported by a sound and substantial basis in the record, it will not be disturbed (*see Matter of Murphy v Peace*, 72 AD3d 1626, 1626-1627 [2010]; *see generally Matter of Tropea v Tropea*, 87 NY2d 727, 738-739 [1996]). Present—Scudder, P.J., Smith, Sconiers, Gorski and Martoche, JJ.