# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

536
CAF 11-01394
PRESENT: CENTRA, J.P., PERADOTTO, SCONIERS, AND MARTOCHE, JJ.

IN THE MATTER OF SCOTT HOLTZ,
PETITIONER-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

KATHRYN WEAVER, RESPONDENT-APPELLANT.
---------------------------------------
IN THE MATTER OF KATHRYN WEAVER,
PETITIONER-APPELLANT,

V

SCOTT HOLTZ, RESPONDENT-RESPONDENT.

WAGNER & HART, LLP, OLEAN (JANINE FODOR OF COUNSEL), FOR
RESPONDENT-APPELLANT AND PETITIONER-APPELLANT.

EMILY A. VELLA, SPRINGVILLE, FOR PETITIONER-RESPONDENT AND RESPONDENT-
RESPONDENT.

BERT R. DOHL, ATTORNEY FOR THE CHILD, SALAMANCA, FOR HAYLEY H.

---

Appeal from an order of the Family Court, Cattaraugus County
(Judith E. Samber, R.), entered June 13, 2011 in proceedings pursuant
to Family Court Act article 6.  The order, inter alia, denied the
cross petition of Kathryn Weaver for relocation to Florida.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  Respondent-petitioner mother appeals from an order
that, inter alia, denied her cross petition seeking to modify the
custody and visitation provisions of the judgment of divorce by
granting permission for the parties' child to relocate with her to
Florida.  We affirm.  "A parent seeking permission for a child to
relocate with him or her has the burden of establishing by a
preponderance of the evidence that the proposed relocation is in the
child's best interests" (*Matter of Murphy v Peace*, 72 AD3d 1626, 1626;
*see Matter of Tropea v Tropea*, 87 NY2d 727, 741).  In assessing a
parent's request to relocate, the relevant factors include "each
parent's reasons for seeking or opposing the move, the quality of the
relationships between the child and the custodial and noncustodial
parents, the impact of the move on the quantity and quality of the
child's future contact with the noncustodial parent, the degree to
which the custodial parent's and child's life may be enhanced

economically, emotionally and educationally by the move, and the feasibility of preserving the relationship between the noncustodial parent and child through suitable visitation arrangements" (*Tropea*, 87 NY2d at 740-741).

Here, we conclude that the Referee properly considered the factors set forth in *Tropea* and determined that the mother did not meet her burden of establishing that the proposed relocation is in the child's best interests (*see Matter of Webb v Aaron*, 79 AD3d 1761, 1761; *Murphy*, 72 AD3d at 1626-1627; *Matter of Seyler v Hasfurter*, 61 AD3d 1437).  Although the mother's reason for moving, i.e., to assist in caring for the ill maternal grandfather, is valid, our "primary focus must be on the best interests of the child[]" (*Matter of Confort v Nicolai*, 309 AD2d 861, 861; *see Tropea*, 87 NY2d at 738-739).  The Referee determined that the mother failed to establish that the lives of the mother and the child would be "enhanced economically[  or] educationally by the move" (*Tropea*, 87 NY2d at 741), and that determination has a sound and substantial basis in the record (*see Webb*, 79 AD3d at 1761; *Murphy*, 72 AD3d at 1626-1627).

The Referee also properly determined that the child's relationship with petitioner-respondent father would be adversely affected by the proposed relocation (*see Matter of Ramirez v Velazquez*, 91 AD3d 1346, 1347; *Webb*, 79 AD3d at 1761-1762; *Seyler*, 61 AD3d 1437).  "While the relocation of a child outside of the geographic area where the noncustodial parent resides is not presumptively against the child's best interests, 'the impact of the move on the relationship between the child and the noncustodial parent will remain a central concern' " (*Matter of Dukes v McPherson*, 50 AD3d 1529, 1530, quoting *Tropea*, 87 NY2d at 739).  Here, the Referee found that the child and the father have a strong relationship and that the father is very active in the child's life, and the Referee expressed "grave doubts about the parties' ability to sustain the quality of the father-daughter relationship if [the child] relocates to Florida." Although the Attorney for the Child indicated to the Referee that the child wished to move to Florida, the Referee properly concluded that the child's wishes are not determinative (*see Matter of Marino v Marino*, 90 AD3d 1694, 1695-1696; *Matter of Thomas v Thomas*, 79 AD3d 1829, 1830), particularly in light of her young age (*see Matter of Seymour v Seymour*, 267 AD2d 1053, *lv denied* 95 NY2d 761; *Matter of Graci v Graci*, 187 AD2d 970, 973; *Fox v Fox*, 177 AD2d 209, 211).

Entered:  April 27, 2012                    Frances E. Cafarell
                                            Clerk of the Court