# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

**1455**
**CAF 11-02333**
PRESENT: SCUDDER, P.J., SMITH, FAHEY, CARNI, AND MARTOCHE, JJ.

---

IN THE MATTER OF ERICA WILLIAMS,
PETITIONER-APPELLANT,

V                                        MEMORANDUM AND ORDER

SHAWN EPPS, RESPONDENT-RESPONDENT.
(APPEAL NO. 1.)

---

ALAN BIRNHOLZ, EAST AMHERST, FOR PETITIONER-APPELLANT.

ELIZABETH CIAMBRONE, BUFFALO, FOR RESPONDENT-RESPONDENT.

PATRICIA M. MCGRATH, ATTORNEY FOR THE CHILD, LOCKPORT, FOR RYLIE E.

---------------------------------------------------------------------------------

Appeal from an order of the Family Court, Erie County (Sharon M. LoVallo, J.), entered October 21, 2011 in a proceeding pursuant to Family Court Act article 6. The order denied the petition for relocation.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In appeal No. 1, petitioner mother appeals from an order denying her petition seeking permission for the parties' child to relocate with her to Atlanta, Georgia. We conclude that Family Court properly denied the petition. Although the mother testified that she was offered a position as a hair stylist at a salon in Atlanta, there was little evidence adduced concerning the salary, benefits, hours of work, and other incidentals of the employment. In addition, as of the time of the hearing, the child had regular and meaningful access with respondent father, as well as with the child's maternal and paternal extended family. Inasmuch as the mother "failed to establish that the lives of the mother and the child would be 'enhanced economically [or] educationally by the move' " (*Matter of Holtz v Weaver*, 94 AD3d 1557, 1558, quoting *Matter of Tropea v Tropea*, 87 NY2d 727, 741), and the credible evidence supports the court's determination that the child's relationship with the father and other relatives in the Buffalo area would be adversely affected by the proposed relocation (*see Matter of Webb v Aaron*, 79 AD3d 1761, 1761-1762), the mother failed to meet her burden of establishing that relocation is in the child's best interests (*see Tropea*, 87 NY2d at 740-741; *Matter of Seyler v Hasfurter*, 61 AD3d 1437, 1437).

In appeal No. 2, the mother appeals from an order dismissing her

violation petition.  The mother raises no issues with respect to that order in her brief, and we therefore deem any such issues abandoned (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 984).

Entered:  December 21, 2012                    Frances E. Cafarell
                                               Clerk of the Court