# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**591**
**CA 15-01751**
PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, DEJOSEPH, AND CURRAN, JJ.

---

AUSTIN HARVARD LLC,
PETITIONER-PLAINTIFF-APPELLANT,

V                                            MEMORANDUM AND ORDER

CITY OF CANANDAIGUA, AND DAVID FORREST,
CITY MANAGER OF CITY OF CANANDAIGUA,
RESPONDENTS-DEFENDANTS-RESPONDENTS.

---

CHARLES J. GENESE, WEBSTER, FOR PETITIONER-PLAINTIFF-APPELLANT.

MICHELE O. SMITH, CORPORATION COUNSEL OF CITY OF CANANDAIGUA, CANANDAIGUA, FOR RESPONDENTS-DEFENDANTS-RESPONDENTS.

---

Appeal from a judgment (denominated order) of the Supreme Court, Ontario County (Craig J. Doran, A.J.), entered April 7, 2015 in a hybrid CPLR article 78 proceeding and declaratory judgment action. The judgment dismissed the petition-complaint.

It is hereby ORDERED that said appeal insofar as it concerns the CPLR article 78 proceeding is unanimously dismissed and the judgment is modified on the law by reinstating the second cause of action and denying plaintiff's motion for summary judgment and as modified the judgment is affirmed without costs in accordance with the following memorandum: Petitioner-plaintiff (plaintiff) commenced this combined CPLR article 78 proceeding and declaratory judgment action seeking, inter alia, a declaration that it is unlawful for respondents-defendants (defendants) to impose a fee equaling two-thirds of the admission charges collected by plaintiff in the operation of its annual arts festival at a public park. We note at the outset that, as correctly set forth in the judgment on appeal, the parties "agree[d] that the [a]rticle 78 claim is moot," and the judgment thus dismissed the proceeding to that extent. We therefore dismiss the appeal insofar as it concerns the CPLR article 78 proceeding because plaintiff is not aggrieved by that part of the judgment (*see* CPLR 5511; *Husak v 45th Ave. Hous. Co.*, 52 AD3d 781, 782; *Fuller v City of Yonkers*, 100 AD2d 926, 927).

With respect to the declaratory judgment action, it is well settled that "parties to a civil dispute are free to chart their own litigation course" (*Mitchell v New York Hosp.*, 61 NY2d 208, 214), and "may fashion the basis upon which a particular controversy will be resolved" (*Cullen v Naples*, 31 NY2d 818, 820). Here, the record establishes that the parties charted a summary judgment course, and

Supreme Court's bench decision reflects that the court denied plaintiff's motion for summary judgment seeking a declaration in the second cause of action.  The judgment, however, recites that the complaint "is in all respects denied and the matter is dismissed," and "[w]here, as here, there is a conflict between [a judgment] and a decision, the decision controls" (*Wilson v Colosimo*, 101 AD3d 1765, 1766 [internal quotation marks omitted]; *see generally Del Nero v Colvin*, 111 AD3d 1250, 1253).  We therefore modify the judgment to conform to the court's bench decision.  On the merits, we conclude that the court properly denied plaintiff's motion for summary judgment inasmuch as it failed to meet its initial burden of establishing its entitlement to judgment as a matter of law (*see generally Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853).