■ In the Matter of CORY MORENO, Respondent, v JAN ELLIOTT, Appellant. [63 NYS3d 778]—

Appeal from an order of the Family Court, Steuben County (Marianne Furfure, A.J.), entered January 21, 2016 in a proceeding pursuant to Family Court Act article 6. The order, among other things, adjudged that respondent's willful violations of the court's orders constituted civil contempt.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this proceeding pursuant to Family Court Act article 6, respondent mother appeals from an order that,

inter alia, held her in civil contempt for willfully violating prior orders and directed her to stay away from petitioner father until their youngest child's 18th birthday. "A motion to punish a party for civil contempt is addressed to the sound discretion of the [hearing] court" (*Matter of Philie v Singer*, 79 AD3d 1041, 1042 [2d Dept 2010] [internal quotation marks omitted]; *see Fernandez v Fernandez*, 278 AD2d 882, 882 [4th Dept 2000]), and we conclude that Family Court did not abuse its discretion in determining that the father met his burden of establishing, by clear and convincing evidence (*see El-Dehdan v El-Dehdan*, 26 NY3d 19, 29 [2015]; *Belkhir v Amrane-Belkhir*, 128 AD3d 1382, 1382 [4th Dept 2015]), that the mother willfully violated orders that required her, inter alia, to permit the father to have visitation and telephone contact with the children; to share medical information; to be absent during visitation exchanges; to complete the intake process at the Parent Resource Center Visitation Program as soon as possible after a May court appearance so that the father could have visitation with the children at the Center in June; and to re-enroll the children in counseling services (*cf. Matter of Amrane v Belkhir*, 141 AD3d 1074, 1076-1077 [4th Dept 2016]). The record supports the court's finding that the mother's violations of the orders unjustifiably impaired the father's rights to communicate with the children, to visit with the children, and to participate in decision-making with respect to the children's healthcare. Thus, we conclude that the court properly determined that the mother violated a lawful and unequivocal mandate of the court that was in effect at the time of the filing of a petition, that her actions caused prejudice to a right of the father, who was a party (*see* Judiciary Law § 753 [A]; *McCain v Dinkins*, 84 NY2d 216, 226 [1994]), and that the mother's violations were willful (*see Matter of Chapman v Tucker*, 74 AD3d 1905, 1906 [4th Dept 2010]; *see also Matter of Constantine v Hopkins*, 101 AD3d 1190, 1191 [3d Dept 2012]).

Contrary to the mother's further contention, the court was authorized, under article 6 of the Family Court Act, to make an order of protection a condition of the order on appeal. Inasmuch as the father had served and filed a petition, and the order of protection "set forth reasonable conditions of behavior to be observed for a specific time by [the mother]" (§ 656), we see no reason to vacate the condition that the mother stay away from the father (*see* § 656 [a]). Present—Whalen, P.J., Centra, Lindley, Troutman and Winslow, JJ.