Matter of Derring (Hundley) (2022 NY Slip Op 00794)





Matter of Derring (Hundley)


2022 NY Slip Op 00794


Decided on February 4, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 4, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CARNI, AND BANNISTER, JJ.


1136 CA 21-00546

[*1]IN THE MATTER OF THE ESTATE OF LEWIS DERRING, DECEASED. 
and
GEORGE H. HUNDLEY, PETITIONER-RESPONDENT, LOUIS J. COLELLA, RESPONDENT-APPELLANT. 






LOUIS J. COLELLA, DANSVILLE, RESPONDENT-APPELLANT PRO SE.
KIRWAN LAW FIRM, P.C., SYRACUSE (ROBERT A. FEINBERG OF COUNSEL), FOR PETITIONER-RESPONDENT. 


 Appeal from a decree (denominated order) of the Surrogate's Court, Seneca County (Barry L. Porsch, S.), entered February 25, 2021. The decree adjudged that the Last Will and Testament of Lewis Derring, dated November 6, 2014, be admitted to probate. 
It is hereby ORDERED that the decree so appealed from is unanimously affirmed without costs.
Memorandum: We affirm for reasons stated at Surrogate's Court in the bench decision during the trial and by the Surrogate in his decree. We write only to note that, regardless of any inconsistent statements in the decree, the Surrogate concluded, as stated in the bench decision at trial, that petitioner met his burden of establishing due execution and testamentary capacity based on the will and the self-proving affidavit of the two attesting witnesses (see Matter of Coughlin v Coughlin, 147 AD3d 1485, 1485 [4th Dept 2017]; Austin Harvard LLC v City of Canandaigua, 141 AD3d 1158, 1159 [4th Dept 2016]; Nicastro v New York Cent. Mut. Fire Ins. Co., 117 AD3d 1545, 1546 [4th Dept 2014], lv dismissed 24 NY3d 998 [2014]). Thus, contrary to respondent's contention, the Surrogate did not rely on testimony from the SCPA 1404 hearing in reaching his determination.
Entered: February 4, 2022
Ann Dillon Flynn
Clerk of the Court