Matter of McRae v Brown (2022 NY Slip Op 07338)

Matter of McRae v Brown

2022 NY Slip Op 07338

Decided on December 23, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., NEMOYER, WINSLOW, BANNISTER, AND MONTOUR, JJ.

783 CAF 21-00848

[*1]IN THE MATTER OF VICTOR MCRAE, JR., PETITIONER-RESPONDENT-APPELLANT,
v
QASHEEKA S. BROWN, RESPONDENT-PETITIONER-RESPONDENT. 

SCOTT T. GODKIN, WHITESBORO, FOR PETITIONER-RESPONDENT-APPELLANT.
STEPHANIE R. DIGIORGIO, UTICA, FOR RESPONDENT-PETITIONER-RESPONDENT. 
LAWRENCE BROWN, BRIDGEPORT, ATTORNEY FOR THE CHILDREN. 

 Appeal from an order of the Family Court, Oneida County (Peter L. Angelini, R.), entered May 24, 2021 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, found petitioner-respondent in willful violation of a court order. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner-respondent father appeals from an order that, inter alia, granted respondent-petitioner mother's petition seeking to hold the father in contempt for violating the provisions of the parties' order of custody. Contrary to the father's contention, Family Court did not err in granting the mother's petition. "To sustain a finding of civil contempt based upon a violation of a court order, it is necessary to establish that a lawful court order clearly expressing an unequivocal mandate was in effect and that the person alleged to have violated that order had actual knowledge of its terms" (Matter of Mauro v Costello, 162 AD3d 1475, 1475 [4th Dept 2018] [internal quotation marks omitted]). "In addition, it must be established that the offending conduct defeated, impaired, impeded, or prejudiced a right or remedy of the complaining party" (id. [internal quotation marks omitted]; see Judiciary Law § 753 [A]; Family Ct Act
§ 156). "A court's determination finding a party in contempt of an order will not be disturbed absent an abuse of discretion" (Matter of Beesmer v Amato, 162 AD3d 1260, 1261 [3d Dept 2018]; see Rech v Rech, 162 AD3d 1731, 1732 [4th Dept 2018]). Here, the order of custody provided the father with visitation every other weekend and continued a provision permitting "such other and further visitation as the parties may agree [on]." The mother established that she and the father agreed to extend one of his weekend visitations with one of the children until Monday morning. The father conceded that the child was not returned to the mother at the agreed time, and the mother established that she was required to obtain an order to show cause as well as police assistance in order to regain custody of the child several days later. Thus, the mother established by clear and convincing evidence that the father violated the order of custody (see Rech, 162 AD3d at 1732).
The father's contention that the court erred in failing to grant him primary physical custody of the children is unpreserved inasmuch as he did not seek primary physical custody of the children (see Matter of Mountzouros v Mountzouros, 191 AD3d 1388, 1389 [4th Dept 2021], lv denied 37 NY3d 902 [2021]; see generally Matter of Pontillo v Johnson-Kosiorek, 196 AD3d 1163, 1165 [4th Dept 2021]; Matter of Colleen GG. v Richard HH., 135 AD3d 1005, 1006-1007 [3d Dept 2016]).
Entered: December 23, 2022
Ann Dillon Flynn
Clerk of the Court