Matter of Jeanty v Utica Police Dept. (2023 NY Slip Op 03615)

Matter of Jeanty v Utica Police Dept.

2023 NY Slip Op 03615

Decided on June 30, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 30, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, CURRAN, BANNISTER, AND GREENWOOD, JJ.

433 CA 22-00273

[*1]IN THE MATTER OF VLADIMIR JEANTY, PETITIONER-APPELLANT,
v
UTICA POLICE DEPARTMENT, MELISSA SCIORTINO, CITY CLERK/RECORDS ACCESS OFFICER, AND WILLIAM BORRILL, RECORDS ACCESS APPEALS OFFICER, RESPONDENTS-RESPONDENTS. 

VLADIMIR JEANTY, PETITIONER-APPELLANT PRO SE.
WILLIAM BORRILL, CORPORATION COUNSEL, UTICA (SARAH C. HUGHES OF COUNSEL), FOR RESPONDENTS-RESPONDENTS. 

 Appeal from an order of the Supreme Court, Oneida County (David A. Murad, J.), entered January 27, 2022, in a proceeding pursuant to CPLR article 78. The order denied the motion of petitioner seeking to hold respondents in civil contempt. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner, pro se, appeals from an order that denied his motion seeking to hold respondents in civil contempt for violating Supreme Court's prior order directing them to fully respond to petitioner's outstanding requests for records under the Freedom of Information Law ([FOIL] Public Officers Law art 6) by either providing the requested records or articulating a "particularized and specific justification" for not providing records that are exempt from FOIL disclosure. We affirm.
To prevail on a motion for civil contempt, the moving party must establish, by clear and convincing evidence, "four elements: (1) a lawful order of the court, clearly expressing an unequivocal mandate, was in effect; (2) [i]t must appear, with reasonable certainty, that the order has been disobeyed; (3) the party to be held in contempt must have had knowledge of the court's order, although it is not necessary that the order actually have been served upon the party; and (4) prejudice to the right of a party to the litigation must be demonstrated" (Dotzler v Buono, 144 AD3d 1512, 1513-1514 [4th Dept 2016] [internal quotation marks omitted]; see generally El-Dehdan v El-Dehdan, 26 NY3d 19, 29 [2015]; Belkhir v Amrane-Belkhir, 128 AD3d 1382, 1382 [4th Dept 2015]). " 'In order to sustain a finding of civil contempt, it is not necessary that the disobedience [of a court order] be deliberate or willful; rather, the mere act of disobedience, regardless of motive, is sufficient if such disobedience defeats, impairs, impedes or prejudices the rights of a party' " (Palmieri v Town of Babylon, 167 AD3d 637, 640 [2d Dept 2018]; see generally El-Dehdan, 26 NY3d at 35). "A motion to punish a party for civil contempt is addressed to the sound discretion of the . . . court" (Matter of Moreno v Elliott, 155 AD3d 1561, 1562 [4th Dept 2017], lv dismissed in part & denied in part 30 NY3d 1098 [2018] [internal quotation marks omitted]; see Matter of Kieran XX. [Kayla ZZ.], 154 AD3d 1094, 1096 [3d Dept 2017]).
Here, there is no dispute that the court issued a lawful and clear mandate in the prior order directing respondents to respond to petitioner's outstanding FOIL requests, and that respondents were aware of that order and what it required them to do. In response to petitioner's requests, respondents provided petitioner with some of the requested records, but denied access [*2]to others, including records sought in connection with petitioner's first request. On appeal, the parties dispute whether respondents' responses relating to petitioner's first request actually complied with the court's prior order and whether petitioner was prejudiced by respondents' purported noncompliance. We conclude that petitioner did not establish that respondents violated the prior order with respect to their responses to petitioner's first request. Specifically, we conclude that respondents' corrected letter to petitioner provided a proper basis to deny that request pursuant to Public Officers Law § 89 (3) (a), i.e., that the request did not reasonably describe the records he was asking respondents to produce because, as the request was formulated, respondents could not respond to it with reasonable effort (see Matter of Reclaim the Records v New York State Dept. of Health, 185 AD3d 1268, 1273 [3d Dept 2020], lv denied 36 NY3d 910 [2021]). Moreover, even assuming, arguendo, that respondents did not comply with the prior order with respect to their responses to petitioner's first request, we conclude that the court did not abuse its discretion in denying the motion because petitioner failed to establish that he was prejudiced by respondents' purported failure to fully respond to that request (see generally McCain v Dinkins, 84 NY2d 216, 226 [1994]; Matter of Department of Envtl. Protection of City of N.Y. v Department of Envtl. Conservation of State of N.Y., 70 NY2d 233, 239-240 [1987]).
Entered: June 30, 2023
Ann Dillon Flynn
Clerk of the Court