Bellavia v King (2025 NY Slip Op 03405)

Bellavia v King

2025 NY Slip Op 03405

Decided on June 6, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CURRAN, J.P., SMITH, GREENWOOD, DELCONTE, AND HANNAH, JJ.

130 CA 24-00596

[*1]DAVID G. BELLAVIA, PLAINTIFF-RESPONDENT,
v
DEANNA M. KING, FORMERLY KNOWN AS DEANNA M. BELLAVIA, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 

HARTER SECREST & EMERY LLP, ROCHESTER (MICHELE R. DIFRANCO OF COUNSEL), FOR DEFENDANT-APPELLANT.
J. ADAMS & ASSOCIATES, PLLC, WILLIAMSVILLE (JOAN CASILIO ADAMS OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from an order of the Supreme Court, Genesee County (Diane Y. Devlin, J.), entered October 20, 2023. The order, inter alia, held defendant in contempt. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Defendant appeals, in appeal No. 1, from an order that, inter alia, granted those parts of plaintiff's motion by order to show cause seeking to hold defendant in contempt for her willful failure to abide by the terms of, among other things, the parties' judgment of divorce and the parties' written custody, support and property settlement agreement (settlement agreement), which was incorporated but not merged into the judgment of divorce. In appeal No. 2, defendant appeals from an order and judgment that, inter alia, fined her for contempt and awarded counsel fees and costs.
In appeal No. 1, we reject defendant's contention that Supreme Court erred in finding her in contempt for violating the parties' judgment of divorce, the settlement agreement, and certain prior orders of the court. "A finding of civil contempt must be supported by four elements: (1) a lawful court order expressing an unequivocal mandate; (2) reasonable certainty that the order was disobeyed; (3) knowledge of the court's order by the party in contempt; and (4) prejudice to the right of a party to the litigation" (McCurty v Roberts, 227 AD3d 1469, 1470 [4th Dept 2024] [internal quotation marks omitted]; see El-Dehdan v El-Dehdan, 26 NY3d 19, 29 [2015]). The party seeking an order of contempt must establish those elements by clear and convincing evidence (see McCurty, 227 AD3d at 1470). The motion is addressed to the sound discretion of the court (see Matter of Jeanty v Utica Police Dept., 217 AD3d 1545, 1546 [4th Dept 2023]; Burns v Grandjean, 210 AD3d 1467, 1474 [4th Dept 2022]), and the court's determination thereon should not be disturbed absent an abuse of discretion (see Matter of McRae v Brown, 211 AD3d 1523, 1523 [4th Dept 2022]).
Here, there is no dispute that defendant was aware of the provisions in the relevant orders, the judgment of divorce, and the settlement agreement, and that such documents were lawfully issued. We reject defendant's contention that none of her conduct shows that she disobeyed any court order with reasonable certainty and, even if she did, plaintiff suffered no prejudice. Plaintiff established by clear and convincing evidence that defendant violated, inter alia, provisions in the settlement agreement and the relevant orders that prohibited the parties from making disparaging remarks that would have "a reasonable likelihood to prejudice a child towards . . . the other party," restrained defendant from contacting plaintiff's business associates, and prohibited the parties and their attorneys from making public any information or material obtained during discovery in the divorce action and any filings in the action. Plaintiff also [*2]established by clear and convincing evidence that he was prejudiced by defendant's contempt inasmuch as her conduct damaged his personal and professional reputation in the community and his relationship with his children (see generally Matter of Moreno v Elliott, 155 AD3d 1561, 1562 [4th Dept 2017], lv dismissed in part & denied in part 30 NY3d 1098 [2018]). Thus, we conclude that the court did not abuse its discretion in finding defendant in contempt.
We also reject defendant's contention that the finding of contempt against her was precluded by the doctrine of unclean hands. Contrary to defendant's contention, the record evidence does not establish that plaintiff was "guilty of immoral or unconscionable conduct" (214 Lafayette House LLC v Akasa Holdings, LLC, 227 AD3d 75, 81 [1st Dept 2024] [internal quotation marks omitted]).
Finally, in appeal No. 2, we see no reason to disturb the court's award of counsel fees and costs (see generally Bushorr v Bushorr, 129 AD2d 989, 989 [4th Dept 1987]).
Entered: June 6, 2025
Ann Dillon Flynn
Clerk of the Court