Matter of Liebetreu v Sennett
2026 NY Slip Op 04075
June 26, 2026
Appellate Division, Fourth Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

IN THE MATTER OF DANIEL T. LIEBETREU, PETITIONER-RESPONDENT,
v
ASHLEY R. SENNETT, RESPONDENT-APPELLANT. (APPEAL NO. 1.)

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department
Decided on June 26, 2026
345 CAF 25-00637
Present: Whalen, P.J., Curran, Ogden, Nowak, And Delconte, JJ.

DAVIDOFF HUTCHER & CITRON, LLP, NEW YORK CITY (PATRICIA A. GRANT OF COUNSEL), FOR RESPONDENT-APPELLANT.
D.J. & J.A. CIRANDO, PLLC, SYRACUSE (REBECCA L. KONST OF COUNSEL), FOR PETITIONER-RESPONDENT.
BRADLEY J. ROOKE, BROADALBIN, ATTORNEY FOR THE CHILDREN.

Appeal from an order of the Family Court, Jefferson County (Timothy L. Virkler, A.J.), entered March 17, 2025, in a proceeding pursuant to Domestic Relations Law article 5-A. The order, inter alia, directed respondent to return the subject children to Jefferson County.
[*1]
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In these proceedings pursuant to Domestic Relations Law article 5-A and Family Court Act article 6, respondent-petitioner mother appeals, in appeal No. 1, from an order that, inter alia, granted petitioner-respondent father's petition seeking to enforce the parties' parenting agreement, which was incorporated, but not merged, into their divorce decree, and directed the mother to return the subject children to Jefferson County. In appeal No. 2, the mother appeals from an order that dismissed her cross-petition seeking, inter alia, to modify the parties' parenting agreement to permit her to relocate with the subject children to the state of Maine. We affirm in both appeals.
Contrary to the mother's contention in appeal No. 1, Family Court did not err in determining that she violated an order of custody by unilaterally relocating to Maine with the children while the father was on military deployment in the Middle East. The proponent of a violation petition "must establish by clear and convincing evidence (1) that a lawful order of the court was in effect, clearly expressing an unequivocal mandate, (2) the appearance, with reasonable certainty, that the order was disobeyed, (3) that the party to be held in contempt had knowledge of the court's order, and (4) prejudice to the right of a party to the litigation" (Matter of Mendoza-Pautrat v Razdan, 160 AD3d 963, 964 [2d Dept 2018]; see Judiciary Law § 753 [A]; Family Ct Act § 156; Matter of Mauro v Costello, 162 AD3d 1475, 1475-1476 [4th Dept 2018]).
"It is well established that a separation agreement that is incorporated but not merged into a judgment of divorce 'is a contract subject to the principles of contract construction and interpretation' " (Roche v Lorenzo-Roche, 149 AD3d 1513, 1513 [4th Dept 2017], quoting Matter of Meccico v Meccico, 76 NY2d 822, 823-824 [1990], rearg denied 76 NY2d 889 [1990]; see Matter of Wheeler v Wheeler, 174 AD3d 1507, 1508 [4th Dept 2019]). "The fundamental, neutral precept of contract interpretation is that agreements are construed in accord with the parties' intent . . . [,] [and] [t]he best evidence of what the parties . . . intend is what they say in their writing" (Greenfield v Philles Records, 98 NY2d 562, 569 [2002] [internal quotation marks omitted]). Whether a contract provision is ambiguous is a question of law for the court to [*2]determine "by looking within the four corners of the document, not to outside sources" (Kass v Kass, 91 NY2d 554, 566 [1998]).
Here, the parties' parenting agreement, which was incorporated but not merged into their divorce decree, clearly and unequivocally provided that parenting time was to be split 50/50 between the parents and, although it gave primary residential custody to the mother, did not permit either party to unilaterally relocate with the children outside Jefferson County. Contrary to the mother's contention, the court properly determined that "Paragraph C" of the parenting agreement, which, inter alia, required the father to "work with the [m]other to ensure future military permanent change of station (PCS) moves facilitate her career ambitions and wellbeing," did not grant the mother unilateral decision-making authority to relocate. The court did not determine that "Paragraph C" was ambiguous but, rather, construed its plain language to apply only if the father received a new PCS, which did not occur here, arriving at a construction that "give[s] fair meaning to all of the language employed by the parties to reach a practical interpretation of the expressions of the parties so that their reasonable expectations will be realized" (Sears v Sears, 138 AD3d 1401, 1401 [4th Dept 2016] [internal quotation marks omitted]; see also Greenfield, 98 NY2d at 569; Wheeler, 174 AD3d at 1509).
Thus, the court did not err in determining that the parenting agreement was a lawful court order, in effect, with a clear mandate prohibiting unilateral relocation of the children outside Jefferson County, which the mother was aware of (see Matter of Cooley v Roloson, 201 AD3d 1299, 1299 [4th Dept 2022]; Mauro, 162 AD3d at 1475-1476), and that the father established that the mother's conduct in unilaterally relocating with the subject children while he was deployed in the Middle East "defeated, impaired, impeded or prejudiced a right or remedy" of the father under that parenting agreement (Mauro, 162 AD3d at 1476 [internal quotation marks omitted]; see Judiciary Law § 753 [A]), namely, his ability to exercise his parenting time (see Matter of McRae v Brown, 211 AD3d 1523, 1523-1524 [4th Dept 2022]; Mauro, 162 AD3d at 1476; see also Matter of Michelle L. v Steven M., 227 AD3d 1159, 1164 [3d Dept 2024]). Therefore, we conclude that the father established by clear and convincing evidence that the mother violated the parenting agreement (see McRae, 211 AD3d at 1524; Rech v Rech, 162 AD3d 1731, 1732 [4th Dept 2018]).
We further reject the mother's contention, in appeal No. 2, that the court erred in denying her cross-petition. Generally, when a parent petitions to modify a custody order and relocate out of state, "the interests of a custodial parent who wishes to move away are pitted against those of a noncustodial parent who has a powerful desire to maintain frequent and regular contact with the child[ren]" (Matter of Tropea v Tropea, 87 NY2d 727, 736 [1996]). Thus, factors to consider in assessing a parent's request to relocate include "each parent's reasons for seeking or opposing the move, the quality of the relationships between the child[ren] and the custodial and noncustodial parents, the impact of the move on the quantity and quality of the child[ren]'s future contact with the noncustodial parent, the degree to which the custodial parent's and child[ren]'s life may be enhanced economically, emotionally and educationally by the move, and the feasibility of preserving the relationship between the noncustodial parent and the child[ren] through suitable visitation arrangements" (id. at 740-741; see Matter of Holtz v Weaver, 94 AD3d 1557, 1557 [4th Dept 2012]).
After considering all of the relevant factors, we conclude that the court properly determined that the mother failed to meet her burden of establishing by a preponderance of the evidence that the proposed relocation from Jefferson County to Maine is in the children's best interests (see Matter of Eason v Bowick, 165 AD3d 1592, 1592 [4th Dept 2018], lv denied 32 NY3d 912 [2019]; Matter of Ramirez v Velazquez, 91 AD3d 1346, 1347 [4th Dept 2012], lv denied 19 NY3d 802 [2012]; see also Matter of Betts v Moore, 175 AD3d 874, 874-875 [4th Dept 2019]). Although the mother testified that she has family support and greater career opportunities in Maine, she failed to provide evidence that similar career opportunities did not exist in Jefferson County (see Eason, 165 AD3d at 1592; Matter of Yaddow v Bianco, 115 AD3d 1338, 1339 [4th Dept 2014]), and the evidence presented at the hearing supports the court's determination that the proposed relocation would have a detrimental impact on the children's relationship with the father (see Eason, 165 AD3d at 1592-1593; Matter of Shepherd v Stocker, 159 AD3d 1441, 1442 [4th Dept 2018]).
We agree with the mother that the order in appeal No. 2 erroneously states that her cross-petition was dismissed without prejudice "for failure to prosecute," contradicting the underlying decision, which provides that the cross-petition was denied and dismissed on the ground that the mother "failed to meet her burden of proof" of establishing that it would be in the children's best interests to move to Maine. However, inasmuch as "[i]t is axiomatic that, where a decision and an order or judgment conflict, the decision controls" (Matter of 1640 State Rte. 104, LLC v Town of Ontario Planning Bd., 207 AD3d 1101, 1103 [4th Dept 2022]; see Austin Harvard LLC v City of Canandaigua, 141 AD3d 1158, 1159 [4th Dept 2016]; Matter of Benderson Dev. Co., LLC v Zoning Bd. of Appeals of City of Utica, 68 AD3d 1814, 1815 [4th Dept 2009]), we conclude that the error in the order does not warrant modification or reversal.
We have reviewed the mother's remaining contention in appeal No. 1 and conclude that it is without merit.
Entered: June 26, 2026
Ann Dillon Flynn
Clerk of the Court